JOHN W. TRACY v. ALONZO ATHERTON AND OTHERS.

*Way.*

A right of way cannot arise from *mere necessity*, independent of any grant or reservation, express, or implied as in the case of a former unity of ownership.

This was an action of trespass *qu. cl.* The defendants pleaded in justification a right of *way of necessity* from the close occupied by them, over the plaintiff's close, to the public highway; the plaintiff's close lying between theirs and said highway ; averring that at none of the said several times when, &c., could the defendants have access to their said close from said highway, or egress from their said close to said highway, or to any other highway or public place, except˙ over and across the close of the plaintiff, without going a greater and more inconvenient and an unnecessary distance, and over and across the closes of other persons ; and therefore, that the defendants had, at said several times, when, &c., a necessary way for themselves, &c., and alleging the trespasses complained of to be the passing and repassing of the defendants upon said necessary way, as they lawfully might, &c. There was no averment of any former unity of ownership or possession of said closes, nor of any right by prescription. The plea was answered by a general demurrer. The county court, *pro forma*, adjudged the plea sufficient. To this exception was taken by the plaintiff.

*M. L. Bennett*, for the plaintiff.

*G. F. Edmunds*, for the defendants.

BARRETT, J. The plea justifies the alleged trespass, on the ground of a right in the defendants of a *way of necessity*, a right created by the necessity, and in no manner derived from grant, reservation, or prescription. The cases are numerous in which a *way of necessity*, as it is called, has been upheld ; but in most instances, it has been on the ground of a grant or. reservation implied from the necessity. There are some cases in which the

reason assigned for the decision seems to favor the idea that a right of way may be created by the necessity, irrespective and independent of any grant or reservation, either express or implied. The one most directly to this effect is *Dutton* v. *Taylor*, 2 Lutw. 1487. That case, in its facts, falls within the principle announced by the court in deciding *Clark* v. *Cogge*, Cro. Jac. 170, viz.: "If a man hath four closes lying together, and sells three of them, reserving the middle close, and hath not any way thereto but through one of those which he sold, although he reserved not any way, yet shall he have it, as reserved unto him by the law." The case of *Chichester* v. *Lethbridge*, Willes 71, cited by counsel for the defendants, does not sustain the doctrine involved in the reason assigned for the decision in *Dutton* v. *Taylor*, viz.: "that the public good required that the land should not be unoccupied." It was, under the second count, which alone was sustained, a case of prescription, in which the necessity was needlessly alleged as showing the origin of the user that had ripened into a right by prescription.

The case of *Clark* v. *Cogge*, *supra*, which was also cited by the defendants' counsel, was the ordinary one of an implied grant of a way. *Howton* v. *Frearson*, 8 T. R. 50, was put on the same ground by Ld. KENYON, though counsel urged the right, upon the principle and authority of *Dutton* v. *Taylor*. The ground on which the decision in *Howton* v. *Frearson* was put, in connection with the remarks of Ld. KENYON, casts a cloud upon the soundness, if not upon the authority, of the decision for the reason assigned in *Dutton* v. *Taylor*. He says, "even upon the general ground, I was prepared to submit to the express authority of the case in Lutwich, though I cannot say that my reason has been convinced by it. There are great difficulties in the question ; but in the other mode of considering the case" (viz.: as an implied grant), "those difficulties are gotten rid of altogether, and it falls within all the authorities, which are not controverted, even by the plaintiff."

In 1 Saund. 323 *a*, note 6, the cases are collated, and the doctrine educed is, that a *way of necessity*, such as the law recognises, results either from a grant or reservation, implied

from the existing necessity, and that unity of possession at some former time appears to be the foundation of the right.

In *Bullard* v. *Harrison*, 4 M. & S. 385, the third plea was, in substance, the same as the one now under consideration ; and after full argum ent, Lord ELLENBOROUGH, with some spirit and great point, says : "Then as to this being well pleaded as a way of necessity, it is pleaded without showing any unity of possession or prescription whereby the land over which the way is claimed became chargeable. \* \* \* It seems to suppose that whenever a man has not another way, he has a right to go over his neighbor's close. But this is not so," &c. He then refers to note 6 in Saunders 323 *a*, as containing the law of the subject and manner of pleading a way of necessity very accurately detailed ; and saying "it is a thing of grant," &c.

In *Proctor* v. *Ho dgson*, 29 E. L. & E. 453, in the court of Exchequer, the subject is involved and discussed ; and the doctrine in the note on 1 Saunders 323 *a*, and as held by Lord ELLENBOR OUGH in *Bulsard* v. *Harrison*, is asserted and applied by the court. The same view of the law is explicitly stated in Woolrych on the law of Ways, 72 note q, as well as in Gale & Whately on Easements, upon a review of all the cases, p. 53 *et seq.* See also Woolrych, pp. 20–21.

The doubt expressed in Hammond's N. P. 198, as to the doctrine of that note in Saunders, would seem to be quieted by the authorities above cited.

Whatever may be the tendency of some of the cases, including that of *Dutton* v. *Taylor*, the review we have given shows that the law of the subject is, for the present, settled in England.

So far as we have been referred to, or have been able to examine cases in this country, they seem to be uniform in holding or countenancing the doctrine that now prevails in England. In *Nichols* v. *Luce*, 24 Pick. 102, the subject was fully discussed, and the cases were reviewed by counsel, and in the opinion of the court delivered by MORTON, J., who says, " The deed of the grantor as much creates the way of necessity, as it does the way by grant. The only difference between the two is, that one is granted by express words, and the other only by implication.

\* \* \* It is not the necessity which creates the right of way, but the fair construction of the acts of the parties. No necessity will justify an entry on another's land," &c.

In *Collins* v. *Prentiss*, 15 Conn. 39, the subject was thoroughly considered, and the leading cases were cited. WAITE, J , states the law, in substance, as it is stated in the note in Saunders, cited *supra*, and remarks, "And although it is called a way of necessity, yet in strictness the necessity does not create the way, but merely furnishes evidence as to the real intention of the parties." The same case came before the court again, and is reported 15 Conn. 423. The court say, "A way of necessity can only be created in lands owned by the grantor at the time of the conveyance, and must be either reserved in the lands conveyed, for the benefit of the grantor, or created in other lands of the grantor for the benefit of the grantee. It arises from a fair construction of the deed as to the presumed intent of the parties. And it affects nobody but the parties to the deed and those claiming under them."

In *Seeley* v. *Bishop*, 19 Conn. 134, ELLSWORTH, J., says, "In the case of *Collins* v. *Prentiss*, 15 Conn. 39, this court recognised fully, and to as great an extent as any other court, the doctrine of a way of necessity." The case of *Pierce* v. *Selleck*, 18 Conn. 321, cited by the defendants' counsel, does not present any view of the law different from, or in any way modifying the doctrine stated and held in *Collins* v. *Prentiss*. In *Brice* v. *Randall*, 7 Gill. & Johns. 349, it is held that the fact that a person has no right of way except over the defendant's land, is not, of itself, sufficient to give him a right of way from necessity.

Chancellor Kent, 3 Com. 423–4, after referring to various English cases, states the doctrine contained in Sergeant Williams' note, cited *supra*, and says, "This would be placing the right upon a reasonable foundation and one consistent with the general principles of the law :" 3 Cruise Dig. 37. In a learned note by Professor Greenleaf, it is said, "But necessity alone, without reference to any relations between the respective owners of the land, is not sufficient to create this right." He then cites *Bullard* v. *Harrison*, Sergeant Williams' note, Woolrych on Ways, and Kent's Com., as they are cited *supra*.

Tracy *v.* Atherton et als.

From this reference to the American cases and books, it appears that the law of the subject as now held in England, is received and adopted in this country to a sufficient extent to warrant the court in adopting the same doctrine, so far as it is applicable, in this case. Indeed, if the question were now resting in general principles, unaffected by the discussions and decisions to which reference has been made, we should be very slow to hold that the necessity of a landowner, for a convenient way to and from his land, would create in him the right to encumber the land of a contiguous owner with the servitude of such way, independently of some former unity of ownership of the two parcels, and the implication of a grant or reservation of such right, and independently of any right established by prescription.

If this right, as claimed by the defendants in this case, were to be put on the ground of the requirements of the public good, as was done in assigning the reason for the decision in *Dutton* v. *Taylor*, it might with propriety be suggested, whether the constitutional provision as to taking private property for public use without compensation, would not challenge consideration as a conclusive objection to the claim.

The provisions of the statute for *pent* or bridle roads, seem to have been made to answer to all the real necessities for a way, such as is claimed to be needed in this case, and at the same time to yield a due regard to the principle and spirit, as well as to the letter of that provision of the constitution.

On the whole, we are satisfied that the plea cannot be sustained either upon principle or authority.

The judgment is therefore reversed.