## THOMAS SNELL

### *v.*

## JAMES DE LAND *et al.*

43  323
37a 593
43  323
156 380
46a 647
43  323
54a 345
43  323
165 101
167 525
43  323
74a 317
43  323
176 161

1. PARTIES — *suing as joint contractors — must show joint interest.* Where plaintiffs sue as joint contractors, they must show a joint interest in the subject matter of the suit.

2. SAME — *common law not changed.* And section 7, chapter 40, of the act entitled, "Evidence and depositions," does not change the common law in this respect; it simply dispenses with certain proofs, which, at common law, persons suing as joint obligees partners or payees were required to make, under the general issue.

3. SAME — *objection — how taken, as to non-joinder, or misjoinder, of parties plaintiff.* In actions on contracts, if there are too few or too many parties plaintiff, it is fatal to a recovery, and the objection may be taken either by plea in abatement, or as a ground of nonsuit, upon the trial, under the plea of the general issue.

4. EVIDENCE — *variance between and declaration — effect of.* Where, in an action on a contract, the declaration alleges, that four persons, plaintiffs, made it, with the defendant, and the proof shows, that but three of them made it, or that the four named, together with another not named, made it, such allegations are not supported by the proof, and the variance is fatal. A plaintiff, under the plea of the general issue, is bound to prove his case as stated in his declaration.

5. PARTNERSHIP — *what constitutes — effect of particular agreements between parties.* Where A and B, as partners, and C and D, as partners, comprising distinct firms, make a contract with E, to furnish him a certain quantity of wool, and agreed among themselves, to share profit and loss in the speculation, each firm to furnish a certain proportion of the wool, — *Held*, that as to such transaction, they could not be considered as partners between themselves, or as to third persons.

APPEAL from the Circuit Court of De Witt county; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts in this case are stated in the opinion.

Messrs. WILLIAMS & BURR and Mr. L. WELDON, for the appellant.

Messrs. MOORE & GREEN for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit brought in the De Witt Circuit Court by James De Land, Edward De Land, Jonathan Hall, Henry Magill, Robert Magill, Samuel Magill, and William Magill, against Thomas Snell, on a contract of sale, made July 1, 1864, by them to Snell, of thirteen thousand pounds of wool, at eighty cents per pound, to be delivered in a reasonable time, with an averment, that the plaintiffs did sell and deliver to the defendant in pursuance of the contract, on the 1st day of August, 1864, thirteen thousand nine hundred and forty-nine and one-half pounds of wool.

The plea was non-assumpsit with leave to give any matter in evidence which could be pleaded by way of set-off, and if a balance was found in favor of the defendant, the judgment should be entered for him as on a special plea of set-off. It was also agreed, that the defendant's contract with the plaintiffs was for twenty thousand pounds of wool at eighty cents per pound, and that at the time the wool should have been delivered, and at the place of delivery, it was worth from one dollar to one dollar and five cents per pound, and that defendant was damaged by the non-compliance of the plaintiffs to the extent of twenty-five cents per pound on seven thousand pounds. It was further agreed, that the contract was that the plaintiffs were to furnish to the defendant twenty thousand pounds of wool, if they had it, or could get it; and that they did have it, and have got it, and claims a judgment over for damages to the extent of twenty-five cents per pound, on seven thousand pounds of wool.

We understand this agreement to be, that the notice under the general issue, shall embrace all the matters above stated, as subjects of inquiry in the cause, leaving open the question of the rights of the plaintiffs to sue jointly.

The issue was submitted to the court, without a jury, who found for the plaintiffs, and assessed the damages at $729.60. A motion for a new trial was made and denied, and exceptions

taken. A judgment was rendered for the amount of this verdict, to reverse which, the cause is brought here by appeal.

The errors assigned are in finding the issues for the plaintiffs and in overruling the motion for a new trial.

On this assignment of error, the first point made by appellant is, that the proof does not show a joint interest in the plaintiffs in this contract.

The rule on this subject is well settled. If plaintiffs sue as joint contractors, they must show a joint interest in the contract. The appellees' counsel admit this to be the common law principle, but insist that section 7 of the act entitled "Evidence and depositions" (Scates' Comp. 256, ch. 40), has changed the common law in this respect; that the names and number of the contractors are presumed to be right in the absence of any plea in abatement, or, unless the defendant proves on the trial that the plaintiffs are too many or too few, or that their names are different.

That section was not designed to change the rules of pleading, but simply dispenses with certain proofs, plaintiffs suing as partners, or as joint obligees or payees, were required to make, at common law, under the general issue pleaded. It is a rule as old as the science of pleading itself, that in declaring in actions on contracts there must not be too few or too many plaintiffs. If there be, it is fatal to a recovery, — the action must fail, and this objection can be availed of, either by plea in abatement, or as a ground of nonsuit on the trial upon the plea of the general issue. 1 Ch. Pl. 8; *Murphy* v. *Orr*, 32 Ill. 489. It is most proper upon the plea of the general issue, for under that plea the plaintiff is bound to prove his case as he has stated it in his declaration. The allegations and proofs must correspond — alleging that four persons, plaintiffs, made the contract declared on, with the defendant, is not supported by proof that but three of them made it, or that the four named made it, together with another person not named. The rule is, that the non-joinder or misjoinder of plaintiffs may be taken advantage of under the general issue. 1 Ch. Pl. 20.

Section 7 of chapter 40 furnishes a rule of evidence, or rather,

dispenses with proof of certain facts, which, previous to the statute, was required. It furnishes no rules of pleading, leaving them as at the common law; this is apparent from the proviso to the section. A defendant may show, as at common law, that too many persons, or too few, are joined as plaintiffs, and this under the general issue. Here there are too many plaintiffs. They are named as James De Land, Edward De Land and Jonathan R. Hall, and the four Magills. Hall, the witness, testifies that James De Land, Edward De Land and Jonathan R. Hall, were partners, and that the four Magills were partners, as a distinct partnership, as we understand it—not that the De Lands, Hall and the Magills were partners *inter se se.* He said he knew that James De Land and Jonathan R. Hall were partners in trading in stock and wool, in the summer of 1864. In this branch of business Edward De Land is not named as a partner.

Another witness for plaintiffs, Mr. Fenderstien testified, that Jonathan R. Hall had an interest in the wool that James De Land had in his cellar in 1864, and which Snell got. He also knows, that the Magills had an interest in that wool, and were in with the De Lands in trading at that time. This witness does not name Edward De Land as a partner, or as having any interest in this contract, nor is it shown, that the Magills had the least particle of interest in it. They merely furnished De Land wool to fill out his contract with Snell, and nothing more. It is in that sense, Fenderstien is to be understood. The Magills made no contract with Snell to furnish wool,—there is no proof of it, but De Land did, and, to fill his contract, he was obliged to apply to Magill for his wool, which was in his cellar, ten sacks of which he delivered Snell's agent on De Land's contract.

Admit the De Lands and Hall were partners, and the Magills partners: they composed distinct firms; and, if they agreed among themselves to share profit and loss in this wool speculation, each firm furnishing a certain proportion of the wool, that did not make them partners in this transaction, and they would not be liable as such between themselves or to third persons, and of course not to the defendant, if he was suing for a breach of the contract. *Smith* v. *Wright,* 2 Sandf. (N. Y.) 113 ; *Patti-*

*son* v. *Blanchard*, 1 Seld. 186 ; *Bingham* v. *Dana*, 29 Vt. 1 ; cited in 3 Kent Com. (Comstock's ed.) p. 20, note.

Both these objections were made by the appellant on the trial, and were overruled. We are of opinion they were well taken, and the court should have allowed them. The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*