# J. H. HOLT *v.* SAMUEL DANIELS.

## *Chancery. Jurisdiction. Demurrer.*

1. In equity an objection to the jurisdiction, where the fault appears upon the record, should be taken by demurrer, or if the demurrer is incorporated into the answer, it should be insisted upon before any trial upon the merits.

2. Where the court has general jurisdiction of the subject matter, such objection will be treated as waived unless so taken and insisted upon *in limine.*

3. But where the court has no jurisdiction of the premises under any circumstances, it will dismiss the cause at any stage of the proceedings.

4. Courts of equity have concurrent jurisdiction with courts of law in all cases where the common law action of account will lie.

5. Under the facts in this case, *held*, that a bill to redeem personal property sold conditionally would lie, and the suit begun by the vendor for the conversion of such was enjoined.

This was a suit in chancery. The bill alleged that some time previously the orator had bought of the defendant a colt, for which he had given the defendant his note with the condition that the colt should be the property of the defendant until the note was fully paid; that since the giving of said note there had been other deal between them, and that there was due the orator a large balance from the defendant, more than sufficient to discharge the balance of the note, and that if upon an accounting between them anything should be found due from the orator, he was ready and willing to pay such balance to the defendant; that the defendant for the purpose of embarrassing the orator had begun a suit in trover against him for the conversion of the said colt, and that such suit was then pending; that since the giving of said note the orator had taken the farm of the defendant to carry on upon shares, under a written memorandum, and that the defendant was largely liable to the orator under such written memorandum, but that the same was in the possession of the defendant, who refused to exhibit to the orator, or to settle with him, and allow him the amount his due; that in the mak-

ing of the said farm trade he had been largely damnified by the false representations of the defendant; that he had taken possession of the defendant's farm, and carried on the same, and that the defendant utterly refused to account to him in the premises; praying that an account be taken between the parties, and that if upon such an accounting there is any balance due the defendant upon said note, the orator may be allowed to pay the same and redeem the colt, and that the suit at law be perpetually enjoined.

The answer admitted the making of the farm trade, and set out the contract *in extenso*; denied that there was any balance due the orator on it, or that the note secured by lien on the colt had been paid; insisted that the orator had a complete remedy at law, and that therefore the court had no jurisdiction.

The case was referred to a master who reported with reference to the circumstances under which the farm was leased and colt sold as follows:

" A few days before the lease was executed but when the contract was in contemplation, the defendant sold to the orator a four-year-old horse colt at an agreed price of $116 and took from him his promissory note therefor and reserved a conditional lien on said colt for the security of the payment of said note by the orator.

I find that it was the express understanding and agreement between the parties at the time this conditional sale was made and the note given by the orator, they then having in view the farm trade for the ensuing year, that the orator's share of the money that should be derived from the sale of butter produced on the farm, when it should be sold in the fall of the ensuing year, should be applied first to the payment of this note, and that the orator and defendant both so understood it."

When the butter was so sold, there was more than enough of the orator's share to extinguish the note, and the orator desired that it should be so applied, but the defendant refused to so apply it, and claimed to retain it as security for the fulfilment of the terms of the lease on the part of the orator."

With reference to items 42 and 43 the master reported:

"If in the opinion of the court the orator can recover damages in this suit for the false representations made by the defendant to the orator as to the productiveness of said farm, then I find that the difference between what the farm was represented to be and what it really was, amounts to the sum allowed on these two items, $118, and that they should be disallowed to the defendant; but if in the opinion of the court such damages cannot be recovered by the orator in this suit, then said items should be allowed as designated above."

There had been other deal between the parties, and as a result of the entire accounting the master found that, allowing items 42 and 43, there would be due the defendant the sum of $75.02, March 1, 1884; that disallowing said items, there would be due the orator on said date the sum of $42.98.

The defendant had demanded the colt of the orator, and on his refusal to surrender the same, had begun a suit against the orator in trover for its conversion, which was then pending.

The master further reported that the defendant insisted at the earliest possible moment before him, that this suit could not be maintained for the reason that the orator had a complete remedy at law.

To this report the defendant filed exceptions, and the case was heard at the March Term, 1888, Washington County, Rowell, Chancellor, upon the pleadings, report and exceptions thereto, whereupon it was ordered that the bill be dismissed. Appeal by the orator.

*Heath & Fay*, for the orator.

The objection to the jurisdiction should be brought to the attention of the court at the first opportunity, and before the expense of a trial has been incurred. *Hartford* v. *Chipman*, 21 Conn. 488; 1 Pom. Eq. Jur. 130; 1 Dan. Ch. Pr. 52; *First Soc.* v. *Trustees*, 23 Pick. 148; *Kobbi* v. *Underhill*, 3 Sandf. Ch. 277; *Glastenbury* v. *Est. of McDonald*, 44 Vt. 450; *Wade* v. *Pulsifer*, 54 Vt. 45; *Paine* v. *Slocum*, 56 Vt

Holt *v.* Daniels.

504; *Hoyt* v. *Hoyt,* 58 Vt. 538; *Smith* v. *Rock,* 59 Vt. 232; *Tullar* v. *Baxter,* 59 Vt. 467; *McLane* v. *Johnson,* 59 Vt. 237.

Chancery has jurisdiction. The bill was in the nature of a bill to redeem mortgaged property, and have the note delivered up to the orator to be cancelled. *Blodgett* v. *Blodgett,* 48 Vt. 32; *Flanders* v. *Chamberlain,* 24 Mich. 305; *Patchin* v. *Pierce,* 12 Wend. 61; *Charter* v. *Stevens,* 3 Denio 33; *Heyland* v. *Badger,* 35 Cal. 404.

Courts of chancery have concurrent jurisdiction with courts of law in matters of account between tenants in common and partners. *Spaulding* v. *Holmes,* 25 Vt. 491; *Leach* v. *Beattie,* 33 Vt. 195; Adams Eq. (star paging) 222.

The defendant cannot recover damages from the orator springing out of a contract induced by his own misrepresentation, thereby obtaining the benefit of his own fraud.

*S. C. Shurtleff* and *J. P. Lamson,* for the defendant.

It is well settled that a party cannot resort to equity if he has a complete remedy at law. In this case a suit was pending at law, and every matter of defence could have been made available to the orator in that suit which can be urged in this; nor is it too late to take advantage of this. The defendant in his answer sets out the want of jurisdiction, and craves the same benefit of that allegation as though urged by demurrer, and insists upon this want of jurisdiction at the earliest opportunity before the master. *Webb* v. *Fuller,* 1 N. E. Rep. 296; *Dole* v. *Pike,* 2 N. E. Rep. 247; *Wing* v. *Hall,* 44 Vt. 118; *Currier* v. *Rosebrooks,* 48 Vt. 34; *Smith* v. *Pettengill,* 15 Vt. 82.

The opinion of the court was delivered by

POWERS, J. The defendant, by a demurrer interposed into his answer, raises the question of the jurisdiction of the Court to entertain the bill. The propriety of this mode of pleading has been considered of late, and the effort has been to adhere to the rules of pleading laid down in the text books and best considered cases.

Holt *v.* Daniels.

The respective functions of a demurrer and an answer are entirely distinct and one cannot take the place of the other. The answer serves the double purpose of pleading and evidence. So far as it sets up matter as a bar it is a pleading. So far as it serves the complainant's purpose by discovering facts, it is a deposition. If the defendant would waive making an answer, he may demur or plead. The object of a demurrer or plea, as a general rule, is to excuse the defendant from answering the bill on its merits. Both are dilatory pleadings, a demurrer being proper if the fault of the complainant's case is apparent from the face of the bill, and a plea being proper if the fault must be shown by bringing matter *dehors* upon the record. Accordingly it has been generally said in the books that a party cannot demur or plead and answer the same matter, but he may demur to one part of the bill, plead to another and answer to another. If he answers to the same part that he demurs to, his answer will overrule his demurrer. The rule is the same at law. 1 Chit. Pl. 512. The reason for the rule is thus given by Gilbert, *Forum Rom.* 58, in speaking of dilatory defenses, " all these pleas with us are to be put *ante litem contestam,* because they are pleas only why you should not answer, and therefore if you answer to anything to which you may plead, you overrule your plea, for your plea is only why you should not contest and answer, so that if you answer, your plea is waived." This rule is laid down everywhere as expressive of the true function of a demurrer or plea in its relation to the answer. Mitford (Tyler's Ed.) 304, 305, 411, Beames' Pl. in Eq. 37 ; *Whaley* v. *Dawson,.* 2 Sch. & Lef. 371; *Jones* v. *Earl of Strafford,* 3 P. Wms. 81; *Oliver* v. *Piate,* 3 How. 412 ; *Clark* v. *Phelps,* 6 Johns. Chan 214; *Wade* v. *Pulsifer,* 54 Vt. 71.

Incorporating a demurrer into an answer is often done and no violation of the rule is occasioned if the demurrer is left for consideration as if it stood alone. In the old precedents instances may be found of demurrers and pleas incorporated into answers, but in each case the answer was provisional, the plea ending with a demand for judgment, and then proceeding, " and

if this defendant shall by order of this honorable court be compelled to make any other answer to the said bill, etc., then and not otherwise the defendant saving, etc., answereth and saith," going through the answer as if no plea had been put in. The more modern practice, however, and the one sanctioned by Mitford and other standard writers, is to file each pleading by itself. But in all cases the demurrer should be brought to a hearing before the cause is tried on its merits. *Wade* v. *Pulsifer*, 54 Vt. and cases there cited.

In this case it is urged that a court of equity has no jurisdiction, as a court of law could give the orator an adequate remedy. This objection, if valid, is apparent upon the face of the bill and so is the subject of a demurrer, and if it be sustained the case is at an end. But an objection to the jurisdiction of the court, if the court has general jurisdiction of the subject matter, will not be entertained unless it is brought to a hearing before the expense of a trial upon the merits has been incurred. In 1 Dan. Chan. Prac. 579, it is said that if the objection to the jurisdiction is not taken seasonably by plea or demurrer and the defendant enters into his defense at large, the court having the general jurisdiction will exercise it. To the same effect are the cases *Cong. Society* v. *Trustees, etc.*, 23 Pick. 148 ; *Underhill* v. *Van Cortlandt*, 2 Johns. Chan. 369 ; *Bank of Bellows Falls* v. *R. & B. R. R. Co.*, 28 Vt. 470. Indeed the rule in equity appears to be the same as at law. A plea to the jurisdiction at law is said to be analagous to a plea in abatement and is the earliest in the order of pleading, and if the general issue be pleaded the jurisdiction is confessed. So in equity it is a dilatory objection that is waived by an answer. In equity, as at law, if the court discovers that under no circumstances has it jurisdiction in the premises, it will, at any stage of the proceedings, dismiss the cause *sua sponte*, if no objection is raised.

In the case at bar a court of equity has jurisdiction. The sale of the colt to the orator with a lien reserved to the defendant amounted to a mortgage of the colt. The orator all the time had an equity of redemption and after condition broken

might sustain a bill to redeem as was held by this court in *Blodgett* v. *Blodgett*, M. 48 Vt. The facts appearing from the master's report show, that the question whether the defendant's lien upon the colt had been extinguished by payment in full depended upon an accounting of the farm dealings. Courts of equity have concurrent jurisdiction with courts of law in all cases where the common law action of account would lie, Fonblanque Eq. 1, 10; Cooper Tr. 26; Bispham Eq. 484; *Ludlow* v. *Stenard*, 2 Caine's Cas. in Error 1; *Leach* v. *Beattie*, 33 Vt. 195, and in many other cases where the accounts are intricate and a discovery is demanded. In the action of trover brought by the defendant against the orator, no offset arising out of the farm dealings would be available to the orator, and unless he could make out full payment of the lien, he would be cast in the suit. But in equity on an accounting he can have applied all the indebtedness in his favor that he can establish, and if this is insufficient to extinguish the lien, the court can give him a day of redemption.

In taking the accounts of the parties, the master finds that items 42 and 43 in the defendant's specification accrued from false representations of the defendant. These items should be disallowed, as in equity no one can be made a debtor by fraud.

The decree is reversed and the cause remanded with a mandate to enter a decree for the orator to recover the sum of $42.98 reported by the master, with interest thereon from March 1, 1884, and that the further prosecution of the suit at law in favor of the defendant against the orator mentioned in the pleadings be perpetually enjoined.