## PATRICK MURPHY *v.* WM. F. LINCOLN ET AL.

*Equity. Jurisdiction to restrain repeated trespass. Demurrer. Right of way by necessity.*

1.  Where a court of equity has general jurisdiction, a demurrer, incorporated into the answer, must be insisted upon before a trial upon the merits, or it will be treated as waived.

2.  A court of equity has jurisdiction to enjoin the commission of a series of trespasses, although the legal remedy be adequate to each single act if it stood alone.

3.  A right of way by implication or from necessity does not arise upon the partition of an estate among heirs unless the way previously existed, or unless it was the plain intention of the parties to impose the servitude.

Bill in chancery to enjoin the defendants from commission of certain trespasses upon the lands of the orator. Heard upon bill, answer and master's report, at the September term, 1891. Taft, chancellor, dismissed the bill *pro forma.*

The orator appeals.

The opinion states the case.

*Ormsbee & Briggs* and *J. C. Baker*, for the orator.

The acts of the defendant constituted a nuisance which a court of equity will enjoin. Wood Nui. 812.

A court of equity will enjoin the repetition of a trespass, although it might not a single trespass. 3 Pom. Eq. Jur. §1357; *Carpenter* v. *Gwynn*, 35 Barb. 395; *De Veney* v. *Galligher*, 20 N. J. Eq. 33; 3 Pom. Eq. Jur. §1357.

The remedy at law is only adequate when the injured party can in one action recover entire damages for the wrong done or threatened. Wood Nui. 817, and authorities cited in note 4.

Murphy *v.* Lincoln et al.

When a continuance of the wrongful acts will create an adverse right, equity may interfere. 1 High Inj. §702; *Johnson v. Rochester,* 13 Hun. 285.

The right of way claimed did not arise upon the partition of Silas Churchill's estate. Mere necessity will not create such a right. *Goodall v. Godfrey,* 53 Vt. 219; *Tracy v. Atherton,* 35 Vt. 52; Wash. Eas. & Ser. 234; Wash. Eas. & Ser. 237; *Russell v. Jackson,* 2 Pick. 573; *Holmes v. Seeley,* 19 Wend. 507; *Smiles v. Hastings,* 24 Barb. 44.

If there is any other way the defendant cannot claim this. *Plimpton v. Converse,* 42 Vt. 712; *Same v. Same,* 44 Vt. 158.

*Geo. M. Fuller,* for defendants.

Equity has no jurisdiction. *Marble and Slate Co. v. Adams,* 46 Vt. 496; *Currier v. Rosebrooks and Town of Brighton,* 48 Vt. 34; Bisp. Eq. § 436.

A mere trespass will not be enjoined. *Smith v. Pettingill et al.,* 15 Vt. 82.

The defendants have a right of way arising from the former unity of possession. Wash. Eas. 42-43; *Hill v. Miller,* 3 Paige 254; Wash. Real Prop. 32.

And from necessity. *Nichols v. Luce,* 24 Pick. 102; *Collins v. Prentis,* 15 Conn. 39; *Atkins v. Bordman,* 2 Met. 457.

One devisee may pass over lands devised to another in order to gain access to those devised to himself. *Pearsons v. Spencer,* B. & S. 580; *Tracy v. Atherton,* 35 Vt. 53; Wash. Eas. 37 to 44 and cases cited.

The opinion of the court was delivered by

THOMPSON, J. The defendants contend that this case is not within the jurisdiction of a Court of Equity, for the reason that the orator has an adequate remedy at law. The bill charges the committing of several continuous trespasses by defendants by drawing wood and logs from their land across the pasture and

meadow land of the orator, and that the defendants threaten to continue to commit these trespasses.

The defendants in their answer either expressly, or tacitly by their failure to deny them, admit the truth of these allegations. They also claim a right of way across the orator's land, to that part of the propagation lot owned by them, by the route traveled when they committed the alleged trespasses. These facts bring the case within the jurisdiction of a Court of Equity. The rule applicable to cases of this kind is stated in 3 Pomroy Eq. Jur. § 1357 as follows : " If the trespass is *continuous* in its nature, if repeated acts of wrong are done or threatened, although each of these acts taken by iself may not be destructive, and the legal remedy may therefore be adequate for each single act *if it stood alone*, then also the entire wrong will be prevented or stopped by injunction on the ground of avoiding a repetition of similar actions."

The use of this way across the orator's land by defendants under a claim of right, if continued long enough, would ripen into an easement. Equity will interfere to enjoin such wrongful acts, continued or threatened to be continued, to prevent the acquisition of an easement in such a manner. 1 High on Injunc. 702. Wood Nuis. (2d Ed.) § 789.

A Court of Equity has general jurisdiction of the subject matter charged in the bill. The defendants' demurrer in their answer raising the question of jurisdiction is based upon facts apparent upon the face of the bill. By not bringing the demurrer to a hearing before the trial of the case upon its merits, the defendants waived their rights to be heard, or to stand on their demurrer. *Holt* v. *Daniels*, 61 Vt. 89 ; *Waterman* v. *Buck*, 63 Vt. *infra*; S. C. 22 Ann. Rep. 15.

2. The defendants base their claim to a right of way by the route they were traveling at the time they were enjoined in this suit, upon the fact that at the decease of Silas Churchill in 1825, he was the owner of the orator's farm and the Propaga-

tion lot, and that his estate then passed to his widow and heirs, and in that way the title to the Propagation lot, of which the defendants now own a part, became vested in different persons. When Silas Churchill's estate was divided among his widow and heirs, there was no road over any part of the route claimed by the defendants to the Propagation lot or elsewhere; and it further appears that there was no evidence before the masters of any reservation of any right of way to this lot at the time the estate was divided. It is also found that there was no bridge nor road by which the way, by the route claimed, could have been used prior to 1860, and that then the road and bridge in question were built for his own use and convenience by Barton W. Barber, who then owned the orator's farm, and that neither the defendants nor their grantors ever made any claim to a right of way by this route until shortly before this suit was brought; that since November 22, 1822, a pent road, known as the Millington road, laid out by the selectmen, has been in existence, running from a public highway to within thirty rods of that part of the Propagation lot owned by defendants; that the distance from defendants' land to the highway which passes the orator's dwelling is about the same by way of the Millington road, as by the route claimed by defendants across orator's meadow; that both routes are feasible; that access to the defendants' lot from said highway, by way of the Millington road can be had by crossing orator's pasture for a short distance and would not damage him but very slightly, while access thereto by the route across the meadow would do him much greater damage.

The law relating to a right of way from necessity or by implication, was so fully discussed by this court in *Tracy* v. *Atherton*, 35 Vt. 52; *Goodall* v. *Godfrey*, 53 Vt. 219, and *Wiswell* v. *Minogue*, 57 Vt. 616, that it is unnecessary to restate it or to discuss the authorities bearing upon the subject. The case at bar is barren of the facts necessary to establish the way by the route claimed by the defendants, by implication as an impressed servi-

tude on the orator's farm, resulting from the division of Silas Churchill's estate among his widow and heirs. "When the partition took place, it was a partition of the estate as it then was, and carried by implication the same right to access of each part over the other as had theretofore been plainly and obviously enjoyed so far as was reasonably necessary for the enjoyment of each part," but it carried nothing more. *Goodall* v. *Godfrey, supra.* The fact that at the time of the division there was not and never had been any road by the route claimed by defendants, conclusively negatives any claim that one was established there by implication as the legal result of the division. *Tracy* v. *Atherton* and *Goodall* v. *Godfrey, supra,* both recognize the doctrine that in strictness the necessity does not create the way but merely furnishes evidence as to the real intention of the parties which determines whether such way exists or not. The location of the "Millington road," the situation of defendants' land, the fact that there was no road by the route claimed at the time of the division of Silas Churchill's estate, and that no claim to a right of way by the route claimed was ever made by the defendants or their grantors until after the lapse of over sixty years from the death of Silas Churchill, all show conclusively that it was never intended by the widow and heirs of Silas Churchill, to impose such a servitude on the orator's farm by the route claimed, and that consequently none was imposed.

*The pro forma decree is reversed and cause remanded with directions to enter a decree for the orator in accordance with mandate on file.*