## J. R. WYMAN ET AL., *v.* J. A. WILCOX'S EST.

*Amendment. Introduction in County Court of co-plaintiff not before commissioners.*

Under R. L. 939, as amended by No. 47, Acts of 1888, permitting courts to allow the introduction by way of amendment, during the pendency of a suit of new parties, either as co-defendants or co-plaintiffs, the County Court, upon appeal from the allowance of a claim by commissioners in the Probate Court, may permit the joining as co-plaintiff of a party not before the commissioners.

Appeal from the decree of the Probate Court accepting the allowance by commissioners of a claim against the estate of J. A. Wilcox. Heard upon motion to dismiss at the June term, 1890, Royce, Ch. J., presiding. The motion was sustained and the plaintiff excepted.

The case appears in the opinion.

*Batchelder & Barber*, for the plaintiff.

The manifest intent of the statute was to permit amendments of this sort at any time before final judgment, and it should be so construed as to give to it its full effect.

Cool. Con. Lim. 220, 221.

*Fowler & Son*, for the defendant.

The County Court has appellate jurisdiction to hear only such cases as have been first heard in the Probate Court. The introduction of a new plaintiff makes another case of it which the appellate court has no jurisdiction to hear.

*Amory & Co.* v. *Greer*, 58 Vt. 58; R. L. s. 2283; *Atherton* v. *Fullam*, 55 Vt. 388; *Holdridge* v. *Holdridge*, 53 Vt. 547.

The opinion of the court was delivered by

START, J.   This cause came to the County Court by appeal from the allowance of a claim presented by J. R. Wyman to the commissioners on the estate of J. R. Wilcox.   At the June term, 1889, J. R. Wyman asked and obtained leave to amend by joining John Wyman as co-plaintiff; and at the December term, 1889, John Wyman appeared as such plaintiff.   At the June term, 1890, the administrator filed a motion to dismiss the amendment, and the motion was sustained.   The defendant claims that the court had no power to allow an amendment by bringing in a party who was not before the commissioners.

Section 939 of the Revised Laws provides, that if in an action founded on contract it appears, before final judgment, that another person is a party to the contract, and ought to have been joined in the action as co-defendant, the action shall not thereby be abated or defeated, etc.

By No. 47 of the Acts of 1888, section 939 of the Revised Laws is amended by adding the words "or co-plaintiff" after the word "co-defendant."

We think County Courts were given power, by this amendment, to allow additional parties, at any time before final judgment, to be brought in as co-plaintiffs, whenever such parties are necessary to secure a trial of the cause upon its merits and prevent injustice and delay; and the power may be exercised by the court in a cause coming to the court by appeal from the Probate Court as well as in a cause originally made returnable to the County Court.

The necessity for this power in a cause coming to the County Court by appeal from the decision of commissioners, is greater than in a cause originally returnable to the County Court.   Ordinarily, in an original action, the plaintiff may sue over and thereby secure all his rights, but, in case of an appeal from the decision of commissioners, the necessity of an additional plaintiff may

Wyman et al *v.* Wilcox's Est.

not be discovered, until the time within which claims may be presented for allowance has expired.

The object and purpose of this statute was to prevent injustice and unnecessary delay and enable the court to bring before it such parties as should appear to be necessary for a full and complete determination of the merits of a cause.

The language of the statute is broad enough to include the case under consideration, and it should be so construed as to give the remedy intended.

The defendant contends that, by this amendment, a new and different cause of action is to be tried. This is not the effect of the amendment. The amendment permits a party interested as co-plaintiff in the identical claim presented to the commissioners to enter and prosecute. The cause of action is restricted to the claim presented before the commissioners, to the same extent it would be if the amendment were not allowed. The claim is not enlarged or changed by reason of the amendment.

*Judgment of the County Court reversed, motion to dismiss overruled and cause remanded.*