HENRIETTA H. STARRETT

*v.*

THOMAS H. GAULT *et al.*

*Filed at Ottawa November 9, 1896—Rehearing denied March 4, 1897.*

1. PARTIES—*misjoinder of plaintiffs in actions ex contractu is fatal to recovery.* In actions *ex contractu* there must not be too few or too many parties plaintiff, and if there be, the misjoinder is fatal to a recovery.

2. SAME—*plaintiffs suing jointly in assumpsit must show joint interest in contract.* Attorneys, not partners, employed by a client at different times, under separate contracts, cannot join in a suit against their client for breach of their contracts, although they may have assisted each other in transacting some of the client's business.

3. SPECIAL FINDINGS—*when judgment should be given on special findings.* Where one of the defenses to a suit to recover for professional services under an alleged joint contract is a misjoinder of plaintiffs, judgment should be given for the defendant upon the jury's finding specially that the plaintiffs' employment was several, notwithstanding the jury returns a general verdict for plaintiffs.

*Starrett* v. *Gault*, 62 Ill. App. 209, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

H. T. & L. HELM, for appellant.

THOMAS H. GAULT, and J. McKENZIE CLELAND, (C. M. HARDY, of counsel,) *pro sese.*

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees sued appellant for professional services rendered and costs advanced by them as her attorneys. She pleaded the general issue and set-off, and there was a trial resulting in a judgment for appellees for $1500 and costs. That judgment the Appellate Court affirmed.

One of the defenses at the trial was, that there was a misjoinder of plaintiffs, and that their employment as attorneys was several, and not joint. Plaintiffs proved that upon the death of defendant's husband she employed the plaintiff Thomas H. Gault as her attorney, and at his request she also employed the plaintiff J. McKenzie Cleland a few days later to assist Gault. The services in question were rendered in the administration of her husband's estate in the probate court, and in litigation in other courts concerning her personal interests. Plaintiffs were not partners and had no business relations. Cleland was a partner with another attorney, and the offices of that firm were connected with the office occupied by Gault. In performing the services for defendant they sometimes acted separately and sometimes both took part. She had two other attorneys, who acted for her in some of the suits and assisted in litigation with one or both of the plaintiffs. Moneys were advanced from time to time by the plaintiffs, separately, out of their own individual means. There was no joint fund held or used for such advances nor was there any community of interest in the money advanced. She paid, at different times, different sums of money to each of them, for which separate individual receipts were given. The jury returned a general verdict for plaintiffs, assessing their damages at $1500, and also the following special findings:

1. "Was the plaintiff Gault individually employed by the defendant, generally and specially, for all the professional services in the management of the business affairs

of the defendant which have been presented in this case as having been performed by both the plaintiffs, and did he render his services in such matters under such original employment?—A. Yes.

2. "Was the plaintiff Cleland expressly or impliedly employed, by a subsequent and distinct agreement, to assist in the performance of the professional services aforesaid, and if so, was he employed by the defendant or by the plaintiff Gault?—A. Yes; by the defendant."

The defendant thereupon moved the court that judgment be entered in her favor upon the special findings, but the motion was denied, and the court, after overruling a motion for a new trial, entered judgment on the general verdict.

If the conclusion of law from the special findings is that the damages sued for resulted from a breach of contracts made with the plaintiffs severally, and not a joint contract with both, then the defendant's motion should have been sustained. A contract with plaintiffs jointly is a different thing from two contracts with them severally. The general verdict was a finding that the alleged joint contract had been proved, and special findings that there was not such contract would be irreconcilably inconsistent with such general verdict. Neither of the plaintiffs would have any right to sue on a contract in which he had no legal interest, and it would make no difference that one or the other of them had a legal right as to each of the different charges or advances, so that in combination their rights would cover all. If plaintiffs sue as joint contractors they must show a joint interest in the contract. (*Snell* v. *DeLand*, 43 Ill. 323.) In that case it was further said (p. 326): "It is a rule as old as the science of pleading itself, that in declaring in actions on contracts there must not be too few or too many plaintiffs. If there be, it is fatal to a recovery." Nor is this defense of a merely technical character. Proof of several contracts with the plaintiffs would not support

the allegations of the declaration, and the rights and obligations of the parties would be different.

According to the first special finding the contract with Gault was made with him individually, for all the professional services proved, and he rendered his services under that contract. Cleland had no interest whatever in that contract by its terms, and it is not claimed that he gained any by virtue of any partnership or relation with Gault. He had no interest in or relation to the undertaking of Gault to render his services for defendant. From the second special finding it results that the plaintiff Cleland was subsequently employed by a separate contract with defendant to assist in the performance of the professional services rendered, and Gault was not in any manner concerned in that contract. It gave Cleland no interest in Gault's contract made a few days before. Neither would be affected by the failure of the other to perform his contract nor by the manner or degree of skill with which he might perform it. The fact that Cleland was hired to assist Gault would not give either any interest in the contract of the other. It would scarcely be claimed that the employees of a common master could sue jointly merely because engaged in the same work and assisting each other in its execution. Cleland assisted, as was to be expected, because that was what he was hired to do, but mere association in a common task did not create a joint contract. That fact would not enable defendant to hold either liable for the deficiencies or neglects of the other. The fact that defendant filed a plea of set-off cannot affect the question.

The special findings were inconsistent with the general verdict, and it was error to deny defendant's motion.

The judgments of the Appellate Court and circuit court will be reversed, and the cause will be remanded to the circuit court for another trial.

*Reversed and remanded.*