DANIEL MINER'S EXECUTRIX *v.* SARAH SHANASY AND OTHERS.

May Term, 1917.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed December 13, 1917.

*Chancery—Jurisdiction—Transfer of Suits—Dismissal.*

A court of chancery has no jurisdiction to transfer to itself a suit at law over which the county court had acquired competent and complete jurisdiction at the time of bringing the bill.

A court will dismiss a cause at any stage, whether moved by the party or not, when it is discovered that it has no jurisdiction, and an objection to the jurisdiction is never out of time.

APPEAL IN CHANCERY. Heard on bill, answer and facts found in vacation after the June Term, 1916, Caledonia County, *Slack*, Chancellor. Decree for defendants. Plaintiff appealed. The opinion states the case.

*H. P. Dee* and *M. H. Alexander* for plaintiff.

*W. H. Fairchild* for defendant, H. S. Soule, Administrator. No appearance for the other defendants.

MILES, J.   This is a bill in chancery the object of which is to transfer a suit at law from the Franklin County court to the court of chancery, that the plaintiff may interpose the equitable defence of laches with the defence of the statute of limitations, and to obtain an injunction against the defendants, Sarah, Fred and Elizabeth Shanasy, and for the appointment of a receiver.

A temporary injunction was granted by the chancellor at the time the original bill was filed against all the defendants, restraining the further prosecution of the suit at law until further order of court.

The defendant, Sarah Shanasy, answered, admitting the facts alleged in the bill and the defendant, Harry S. Soule, answered. denying some of the allegations of the bill and admitting others, and no answer was made by the other defendants.

Afterwards the cause came on for hearing before the chancellor and a full hearing was had by him respecting the matters embraced in the suit at law.   Facts were found and a decree thereupon rendered.   Among other things it was decreed that said lease was a valid, subsisting and continuing obligation against the estate of Daniel Miner and that there was due and owing from his estate the sum of $963.37, and that there would become due annually thereafter the sum of $210 on the first day of November in each year "as long as wood grows and water runs," or until the estate of said Miner shall have paid or caused to be paid to the estate of Samuel H. Soule the sum of $3,500, in excess of any accrued rent.   From this decree the plaintiff appealed to this Court.   The defendant, Soule, in his answer, objected that said suit at law could not be transferred to the court of chancery, the county court having acquired competent and complete jurisdiction of that matter at the time the bill was brought.   It is stated in 7 R. C. L. 1067, par. 105, as follows: ·

"It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of coordinate authority is at liberty to interfere with its action."   To the same effect is *Whittier* v. *McFarland*, 79 Vt. 365, 65 Atl. 81.

The chancellor should have dismissed the bill as soon as it came to his attention that the court of chancery had no jurisdiction of the cause; *International Paper Co.* v. *Bellows Falls Canal Co.,* 91 Vt. 350, 100 Atl. 684; *Holt* v. *Daniels,* 61 Vt. 89, 17 Atl. 786; *Lumber Co.* v. *Lyman,* 89 Vt. 201, 94 Atl. 837.   It has been a rule of law in this State from the time this Court decided *Chittenden* v. *Hurlburt,* 1 D. Chip. 384, to the present time, that a court will dismiss a cause at any stage, whether moved by a party or not, when it is discovered that it has no jurisdiction, and an objection to the jurisdiction over the subject matter is never out of time.   Nor can consent confer jurisdiction where it is not given by law; *Glidden* v. *Elkins,* 2 Tyl. 218; *Thayer* v. *Montgomery,* 26 Vt. 491; *Miller* v. *Potter,* 54 Vt. 267; *Sanders* v. *Pierce,* 68 Vt. 468, 35 Atl. 377.

It is not now necessary to decide whether in case of a perpetual lease reserving rent, the lessor's administrator can, in any event, recover for rent accruing after the lessor's death.   See *Executors of Van Rennselaer* v. *Platner,* 2 Johns. Cas. (N. Y.) 17; *Van Rennselaer's Devisees* v. *Platner,* 2 Johns. Cas. (N. Y.) 26; *Van Rennselaer* v. *Hays,* 19 N. Y. 68, 75 Am. Dec. 278; *Van Rennselaer* v. *Read,* 26 N. Y. 558, and *Bank* v. *Haydorn,* 48 N. Y. 260.

*Decree reversed and cause remanded.*