F. S. FULLER & CO. *v.* FRANK W. MORRISON ET AL.

October Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 7, 1933.

24

*Frank W. Morrison* (of Uxbridge, Mass.) *pro se* and *Edward C. Barry* for the defendant.

*Robert R. Twitchell* for the plaintiff.

MOULTON, J. Where an action in contract is brought against more than one defendant, the plaintiff may have judgment against such defendants as are found liable, notwithstanding it is found that all the defendants are not jointly liable. G. L. 1829. But separate and distinct judgments cannot be rendered in a joint action. *Conti* v. *Johnson,* 91 Vt. 467, 472, 100 Atl. 874; *Metropolitan Washing Machine Co.* v. *Morris,* 39 Vt. 393, 399. Where it is claimed that the defendants are all liable, but for different amounts, the plaintiff must elect or the court order which of them shall be discharged. *Powers* v. *Thayer,* 30 Vt. 361, 363; *McKane* v. *Gordon,* 85 Vt. 253, 261, 81 Atl. 637.

 So, after defendant Magoon had admitted his liability upon certain items of the specifications, and judgment had been rendered against him alone for the amount thus represented, the jurisdiction of the court over the action was exhausted and it had no authority to proceed with the trial and render judgment against defendant Morrison for the remaining items. The latter's motion to dismiss the action as against him should have been granted and judgment entered in his favor to recover his costs. G. L. 2037, *American Elec. Service, etc. Co.* v. *Harman,* 103 Vt. 263, 267, 153 Atl. 217.

 The question has not been waived by Morrison's subsequent entry of a general appearance and participation in the trial. An objection to jurisdiction over the subject-matter is never out of time, and neither waiver nor consent can confer jurisdiction where it is not given by law. *Watson* v. *Payne,* 94 Vt. 299, 301, 111 Atl. 462; *Fillmore, Admr.* v. *Morgan's Estate,* 93 Vt. 491, 493, 108 Atl. 840; *Miner's Executrix* v. *Shanasy,* 92 Vt. 110, 112, 102 Atl. 480. ''No agreement or assent of parties will enable the court to render a judgment which the law does not warrant.'' *Leonard* v. *Robbins,* 13 Allen (Mass.) 217, 219; *New York Trust Co.* v. *Brewster,* 241 Mass. 155, 134 N. E. 616, 619. Neither does the failure to except to the judgment preclude our consideration of the point, since it was properly raised

and has been brought before us by a bill of exceptions. *Conn Boston Co.* v. *Griswold,* 104 Vt. 89, 94, 157 Atl. 57.

■ The judgment against the trustee for the amount of its disclosure of funds belonging to Morrison must also be reversed and the trustee discharged. Since there was no jurisdiction to render judgment against this defendant, there was none to render judgment against the trustee. *Washburn* v. *N. Y. & Vt. Mining Co.,* 41 Vt. 50, 55.

*As against defendant Morrison, the action is dismissed, and judgment for him to recover his costs. Judgment against the trustee reversed, and trustee discharged.*