BARNET GLASS ET AL. *v.* NEWPORT CLOTHING CO., INC. & TR.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

*Porter, Witters & Longmoore* for the defendant.

*Louis Lisman* and *A. Pearley Feen* for the plaintiff.

MOULTON, C. J. This action in contract, with declaration in the common counts, was originally brought by the plaintiff Barnet Glass. Upon the trial it appeared that one of the items of the specifications, amounting to $45.54, was claimed to be owed by the defendant not to Glass personally, but to a copartnership of which he was a member. He therefore moved for leave to join with him, as parties plaintiff, "Barnet Glass and Samuel Lisman, doing business under the firm name and style of Style Shoppe." After hearing thereon, the motion was granted, and no exception appears to have been taken to the ruling. The trial court filed its findings of fact, and rendered separate judgments for Glass to recover the sum of $190.26, and for the Style Shoppe to recover the sum of $45.54. One of the trustees, The Richford Savings Bank and Trust Company, was held liable according to its disclosure; the other trustee, the National Bank of Newport, was discharged. The defendant excepted to each of the two judgments rendered against it and to certain of the findings.

We first consider the judgment in favor of the Style Shoppe. Being a copartnership, this concern was an entity separate and apart from the individuals composing it. *Dunbar* v. *Farnham & Wife,* 109 Vt. 313, 321, 196 Atl. 237, 114 A. L. R. 996. The findings disclose that the claim of this plaintiff was based upon a separate and distinct contract from the contract upon which the original plaintiff, Glass, was seeking to recover. Although no exception was taken to the granting of the motion to make the Style Shoppe a party plaintiff, the exception to the judgment, which reaches every question involved in its rendition and necessary to its validity, is sufficient to bring the issue before us. *Morgan* v. *Gould,* 96 Vt. 275, 280, 281, 119 Atl. 517. And, indeed, the question touches the jurisdiction of the trial court, and so may be raised here for the first time. *Smith* v. *White's Est.,* 108 Vt. 473, 480, 188 Atl. 901; *Fuller & Co.* v. *Morrison,*

106 Vt. 22, 24, 169 Atl. 9. We will, moreover, dismiss a cause at any stage, whether moved by a party or not, when a lack of jurisdiction is discovered. *Miner's Exrx.* v. *Shanasy*, 92 Vt. 110, 112, 102 Atl. 480; *Fillmore, Admr.* v. *Morgan's Estate*, 93 Vt. 491, 493, 108 Atl. 840.

In granting the motion the trial court, as appears from the findings, assumed to act under P. L. 1629, which provides that: ''When, in an action founded on contract, it appears before final judgment that another person is a party to such contract, and ought to have been joined in the action as coplaintiff or codefendant, the action shall not thereby be abated or defeated,'' but the missing party may be brought into the case, in the manner prescribed by the statute. But this section has no application here, because Glass and the Style Shoppe were not parties to the same contract, hence not interested in the identical claim. *Wyman et al.* v. *Wilcox's Est.*, 63 Vt. 487, 489, 21 Atl. 1103. By the common law, which in the absence of statutory modification is controlling, courts cannot take jurisdiction of distinct and separate claims against different persons in the same action. *Conti* v. *Johnson and Mann*, 91 Vt. 467, 472, 100 Atl. 874; *Fuller & Co.* v. *Morrison, supra.* And so, also, two or more promisees, whose interests are several, must sue separately for damages. *Anderson* v. *Nichols*, 93 Vt. 262, 264, 107 Atl. 116; *Starrett* v. *Gault*, 165 Ill. 99, 46 N. E. 220, 221; *Moore* v. *Terhune*, 161 Ill. App. 155, 156; *Woodward* v. *Sherman*, 52 N. H. 131, 132; *Wills* v. *Cutler*, 61 N. H. 405, 410; *Hinchman* v. *Patterson Horse R. R. Co.*, 17 N. J. Eq. 75, 82, 86 A. D. 252; *Gravenberg* v. *Laws*, (5th Cir.) 100 Fed. 1, 6; *Governor, for the use of Moore and Myrick* v. *Hicks et al.*, 12 Ga. 189, 191; *Jones* v. *Etheridge*, 6 Porter (Ala.) 208, 212; *Barry* v. *Rogers*, 2 Bibb, (Ky.) 314, 315; *Fein* v. *National Biscuit Co.*, 29 Pa. Dist. and Co. Reps. 347, 349; and see *Grant* v. *Schmidt*, 22 Minn. 1, 13. The trial court exceeded its jurisdiction in admitting the new coplaintiff, and this being so, the cause stands as though the Style Shoppe had never appeared therein and the judgment in its favor is of no effect.

The defendant asks for judgment on the merits, on the ground that the findings show no liability on the part of the defendant to the Style Shoppe, but, however this may be, we cannot consider a matter over which there exists no jurisdiction, and

this question must remain to be determined in other proceedings, if such shall be instituted.

 The action brought by the original plaintiff, Glass, is not abated by the misjoinder of the Style Shoppe (P. L. 1581) and therefore the judgment in his favor is for review upon the record.

Stripped of much detail that is immaterial to the decision of this cause, the following facts emerge from the findings: For some time previous to July, 1936, Dora Toplitt was engaged in the clothing business in Newport under the name of the Newport Clothing Company. After a loss by fire, Michael Toplitt, Dora's husband, called upon the plaintiff Glass and told him that he was about to organize the business as a corporation, and needed some merchandise. Glass agreed to extend credit, and accordingly merchandise was furnished by him to the fair and reasonable value of $190.26, delivered to Toplitt, and charged either to the Newport Clothing Company, or to the then nonexistent Newport Clothing Company, Inc. The latter concern is the defendant herein, and was incorporated under the laws of this state on August 21, 1936, Michael Toplitt becoming its president. All of the merchandise was delivered to Toplitt before this date. The findings state that Toplitt testified in substance that the defendant corporation took over the assets of the Newport Clothing Company, and "while it does not affirmatively appear that the merchandise referred to * * * ever came into possession of the corporation, however, I find that the same was purchased by and delivered to Mr. Toplitt for the Newport Clothing Co., Inc.;" and that "Barnet Glass individually extended such credit to the Newport Clothing Company, Inc."

 The defendant corporation was not, and could not have been, a party to the contract of sale, because it was not in being at the time. *Holyoke Envelope Co.* v. *U. S. Envelope Co.*, 182 Mass. 171, 174, 65 N. E. 54. For the same reason, Toplitt was not, and could not have been, its agent in the transaction. *Hall* v. *Vt. and Mass. R. R. Co.*, 28 Vt. 401, 406; *Security Co.* v. *Bennington Monument Assoc.*, 70 Vt. 201, 206, 40 Atl. 43. But the defendant would become liable thereon if, after its organization, it expressly or impliedly assumed the obligation, by the adoption or ratification of the contract. *Gardiner* v. *Equitable Office Bldg. Corp.*, (2nd Cir.) 273 Fed. 441, 17 A. L. R. 431, 438; *Kirkup* v. *Anaconda Amusement Co.*, 59 Mont. 469, 197 Pac. 1005, 17

A. L. R. 441, 446; *Ramsey* v. *Brook County Bldg. & Loan Assoc.*, 102 W. Va. 119, 155 S. E. 249, 49 A. L. R. 668, 673. And where a corporation, after organization, accepts the benefit of a contract made in good faith by its promoter in its behalf previous to its organization, and the contract is one which would have been within its corporate powers to make, the inference is justified that it has adopted or ratified such contract. *United German Silver Co.* v. *Bronson,* 92 Conn. 266, 102 Atl. 647, 648; *Commissioners of Lewes* v. *Breakwater Fisheries Co.,* 13 Del. Ch. 234, 117 Atl. 823, 829; *Wilson* v. *Harburney Oil Co.,* (10th Cir.) 89 Fed. (2d) 211, 213; *Maryland Apt. House* v. *Glenn,* 108 Md. 377, 70 Atl. 216, 218, 219; *Robbins* v. *Bangor Ry., etc., Co.,* 100 Me. 496, 62 Atl. 136, 139, 1 L. R. A. (N. S.) 963.

There is no finding, and no claim, of an express adoption here; what the plaintiff Glass argues is that the defendant received the merchandise, and hence had the benefit of the contract. But this contention is not borne out by the record. The statement in the findings that Toplitt testified that the corporation took over the assets of the Newport Clothing Company is not equivalent to a finding that this was the fact, but is only a finding that the witness so testified (see *Vilas* v. *Seith,* 108 Vt. 18, 22, 183 Atl. 854; *Peck* v. *City Trust Co.,* 104 Vt. 20, 28, 156 Atl. 403), and indeed there is nothing to show that the merchandise in question was a part of such assets.

While we must indulge all reasonable intendments in favor of the judgment and read doubtful findings so as to support it, if we reasonably can do so, we cannot supply the omission of an essential fact not fairly inferable as resulting from the facts as found. *Wright* v. *Godin,* 108 Vt. 23, 26, 182 Atl. 89; *Manley Bros.* v. *Somers,* 100 Vt. 292, 297, 137 Atl. 336.

The other findings even more effectually dispose of the contention. The burden was upon Glass to prove the necessary elements of his claim; among them, that the corporation received and accepted the merchandise. The finding that it did not affirmatively appear that it ever came into the possession of the corporation amounts to a failure to find the fact. *Wright* v. *Godin, supra; Partridge* v. *Cole,* 98 Vt. 373, 377, 127 Atl. 653. The argument that what the trial court meant by the word ''affirmatively'' was that the fact was shown by circumstantial rather than by direct evidence is, we think, more ingenious than

convincing. "By affirmative proof is meant such evidence of the truth of the matters asserted as tends to establish them and this regardless of the character of the evidence offered." *Jenkins* v. *Hawkeye Commercial Men's Assoc.*, 147 Iowa, 113, 124 N. W. 199, 30 L. R. A. (N. S.) 1181, 1184.

The finding that the merchandise was purchased by and delivered to Toplitt for the Newport Clothing Co., Inc., adds nothing to the defendant's liability, since, as we have seen, the corporation, being nonexistent at that time, could not be bound on any theory of agency in the absence of a subsequent adoption or ratification. And the finding that Glass extended credit to the Newport Clothing Co., Inc. has no greater effect because this extension of credit to an anticipated, but as yet unborn, debtor is, standing alone, of no avail. The judgment in favor of Glass was not justified by the facts as found. It is, therefore, unnecessary to consider the defendant's exceptions to the findings.

*The judgment in favor of the Style Shoppe is reversed, and the action, so far as this plaintiff is concerned, is dismissed, with costs to the defendant.*

*The judgment in favor of Barnet Glass is reversed, and judgment for the defendant to recover its costs.*

*The judgment against the trustee, the Richford Savings Bank and Trust Company, is reversed and the trustee is discharged.*