## RUTH R. SMITH v. DAVID ROCK, GEO. H. RENEAU, AND A. J. KNIGHT.

### [In Chancery.]

*Jurisdiction. Pleading. Practice. Trespass. Growing Trees. Receipt, Construction of.*

1. A jurisdictional question should be raised by plea or motion filed in the Court of Chancery, and it cannot be raised before the master.

2. Answer, Amendment of. Master. Nor is an application to amend an answer available when made to a master.

3. Jurisdiction. Waiver. When the question of jurisdiction is not properly presented, the court might treat it as waived.

4. A bill in equity will lie to restrain a trespasser from cutting growing trees on the only wood lot owned by the orator, when it works a permanent injury to the land; and especially when there is no denial of the allegation of irreparable injury.

5. Receipt, Construction of. Parol Evidence. The oratrix claimed that she had sold the timber on one acre of land to one of the defendants, and afterwards gave him the following writing: "I have sold to David Roe, and received payment in full for the hemlock bark, timber and wood on one acre, more or less (within the bounds of the hemlock timber)." The master found in favor of the oratrix; *Held*, that the meaning of the receipt was that the sale included the timber of only one acre; that the words "more or less" did not enlarge the quantity before described.

Bill in Chancery. Heard on the pleadings and a special master's report, with exceptions thereto, December Term, 1885, Orange County, Rowell, Chancellor. It was decreed that the exceptions be overruled; that the bill be dismissed as to defendant Rock; and that the other defendants pay to the oratrix the sum of $150 for the actual damages found by the master.

The bill alleged that the contract was not in writing, and this was not denied in the answers. The defendants made an application before the master to amend the answer, in effect, that the oratrix had a complete and adequate remedy at law; and that defendants had done, prior to the service of the in-

junction, substantially all that they ever intended to do on the premises of the oratrix. But it did not appear that the question of amendment was ever passed upon by the chancellor, or brought to his attention.

The master found : "That the value of the oratrix's said Ladd lot consisted largely and principally in the thrifty growing wood and timber thereon, and the cutting off of said wood and timber, as was done by defendant Knight and his men, worked a permanent injury to the land, and was a commission of waste on said premises." * * * " That the oratrix had no other wood lot than said Ladd lot, and that it was valuable to her on account of the thrifty timber growing thereon, and much more valuable to her with the trees standing than with them cut off ; that it was more valuable to let the trees grow than to have them cut off."

*Roswell Farnham* and *Smith & Sloan*, for the defendants.

The motion to dismiss for want of jurisdiction was not out of time. The question of jurisdiction can be raised at any stage of the proceedings. Pom. Eq. Juris. 130 ; *Hipp* v. *Babin*, 19 How. 271, 278 ; *Graves* v. *Ins. Com.* 2 Chranch, 419, 444 ; *Towle* v. *Lawrenson's Ex.* 5 Pet. 495 ; *Dale* v. *Irwin*, 2 How. 383 ; *Currier* v. *Rosebrooks*, 48 Vt. 34 ; *Niles* v. *Howe*, 57 Vt. 388. Courts of equity will not interfere in cases of ordinary trespass. REDFIELD, J., in *Smith* v. *Pettengill*, 15 Vt. 84 ; Story Eq. Juris. ss. 207, 819, 927.

We conclude, from the conflicting authorities upon the question, that forest trees kept for firewood and timber in this country are not included in the list given by Judge REDFIELD or by STORY. An examination of the cases shows us most of the cases are English cases, with the English idea of the value of timber, or else they depend upon the question of waste. *Sarles* v. *Sarles*, 3 Sand. Ch. 601.

" Waste is a substantial injury to the inheritance done by one having a limited estate either of the freehold or for years during the continuance of his estate. The essential character of waste is that the party committing it is in rightful posses-

sion, and that there is a privity of title between the parties."
Kerr Inj. p. 238.

" The legal remedy is not adequate simply because a re-
covery of pecuniary damages is possible.  It is only adequate
when the injured party can, *by one action at law*, recover
damages which constitute a complete and certain relief for the
whole wrong—a relief virtually as efficient as that given by a
court of equity."  Pom. Eq. Juris. 1357 ; *Parker* v. *Winni-
piseogee C. & W. Co.* 2 Black, 545 ; *Gauze* v. *Perkins*,
3 Jones (N. C.) Eq. 177 ; *Hatcher* v. *Hampton*, 7 Ga. 49 ;
*Cornelius* v. *Post*, 9 N. J. Eq. (1 Stock.) 196 ; *Dunkart* v.
*Rinehart*, 87 N. C. 224.

*John H. Watson*, for the oratrix.

The contract was not reduced to writing.  The receipt only
rehearsed the trade ; and the rule as to parol evidence does not
apply.  *Bostwick* v. *R. R. Co.* 45 N. Y. 712 ; *Hill* v. *R. R.
Co.* 73 N. Y. 352 ; 72 N. Y. 90.

A court of equity has jurisdiction.  *Shrew* v. *Block*, 4 N.
J. Eq. 177 ; *Jackson* v. *Brownson*, 4 Johns. 227 ; *Livingston*
v. *Livingston*, 6 Johns. Ch. 497 ; *Kerlin* v. *West*, 4 N. J.
Eq. 449 ; *Southmayd* v. *McLaughlin*, 24 N. J. Eq. 181 ;
*Win. Lake Co.* v. *Worst*, 29 N. H. 447 ; Pom. Eq. Juris.
ss. 237, 1356, 1357 ; *Sarles* v. *Sarles*, 3 Sand. Ch. 601 ; 113
U. S. 537 ; 1 High Inj. s. 724.

The jurisdictional question was waived, as it was not pro-
perly raised.  *Grandin* v. *Roy*, 2 Paige, 509 ; *Society* v.
*Trustees*, 23 Pick. 148.

The opinion of the court was delivered by

ROYCE, Ch. J.   In order to understand the questions pre-
sented, it is necessary to refer to the pleadings.   The oratrix
in her bill, after alleging her ownership of the thirty acres of
land therein described, and her sale to the defendant Rock of
the hemlock bark and timber on one acre of the same, and the
transfer of the title Rock acquired to the defendant Reneau,

and from Reneau to Knight, alleges that Knight was cutting the timber on four or five acres of said land, and was making preparations to remove the timber so cut and to be cut from said lot, and that his doing so would work irreparable injury to her ; and prays for an injunction to prevent the defendants from felling any more timber on said lot, and from removing what they had cut, and for an accounting.

The bill as to the defendant Rock was dismissed with costs. The other defendants answered the bill, and claimed title to the timber and bark under the purchase made from Rock. They did not claim that the Court of Chancery had not jurisdiction of the parties, or of the subject-matter, or deny that the cutting and removal of the timber would be an irreparable injury to the oratrix if it should be found that it was her property. The case was referred to a master to find and report the facts, and upon the hearing before him a motion was made to dismiss the suit for the want of jurisdiction. That motion was so far disregarded by the master that he proceeded with the hearing and reported the facts found by him. The motion was not renewed in the Court of Chancery, and the jurisdictional question was not otherwise presented in that court than as appears in the report of the master. The chancellor was not called upon to decide the question without an appropriate plea, or a motion filed in that court. Making a motion before the master was not the proper way in which to raise the question. The master had nothing to do with the jurisdictional question. It was his duty to find and report facts, and upon his report being returned to the Court of Chancery a motion to dismiss filed in that court might be predicated upon the report. The application for leave to amend the answer so as to present the question is of no avail to the defendants, as it does not appear that it was based upon any ruling made upon such a motion by the chancellor. The court might, therefore, be justified in treating that question as waived ; but treating it as properly here, we hold that the court had jurisdiction.

That a court of equity may interfere to prevent such threat-

ened injury to property as is alleged in the bill is too well established to require the citation of authorities in support of the proposition; and the facts found and reported by the master warrant such interference, and the granting of the relief prayed for. The important question in the hearing before the master was as to the amount of timber, bark and wood sold by the oratrix to David Rock, as it was conceded that the defendants had acquired by purchase all that was so sold. The oratrix claimed that she only sold the bark, wood and timber on one acre of land, and the defendants that her sale covered the wood, timber and bark on a much larger tract, and embraced all the timber that they had felled, and all that they intended to fell and appropriate. The master has found that the sale to Rock was of the timber, wood and bark on one acre and no more, and that after the sale was made, and while Rock was negotiating a sale to Reneau, the oratrix, for the purpose of showing to Reneau that Rock had made the purchase and paid the purchase price, executed a receipt of the following tenor:

"SOUTH NEWBURY, VT., Aug. 23d, 1881.

" I, the undersigned, have sold to David Roe, and received payment in full for the hemlock bark, timber and wood on one acre, more or less (within the bounds of the hemlock timber).

RUTH R. SMITH."

The defendants claim that this writing is the only evidence receivable of the sale, and that it should be construed as embracing all the timber within the bounds of the hemlock timber. In view of the fact that neither Rock or the defendants understood that it should be so construed at the time they purchased, it would be inequitable to so construe it. We do not think that any such construction should be given to the paper. The addition of the words " more or less " should not have the effect to enlarge the quantity before described, and the words " within the bounds of the hemlock timber " are descriptive of the locality from which the acre should be selected.

The writing could only operate as an estoppel as to the fact that the oratrix had sold the one acre therein described, and had received pay for the same.

The other facts found by the master justified the decree that was rendered by the Court of Chancery, and it is affirmed and cause remanded.