## WILLIAM COLEMAN v. JOHN M. ALDRICH ET UX.

*Adverse Possession. Married Woman. Chancery. Jurisdiction.*

1, A right of way may be acquired by adverse possession as against the husband, but not as against the wife, over land of which the husband has the life use, with a remainder to the wife or her heirs.

2. Defendant insisted in his answer that chancery had no jurisdiction because the matter in dispute was less than fifty dollars, and renewed the objection before the master. The court dismissed the bill *pro forma.* *Held,* distinguishing *Smith* v. *Rock,* 59 Vt. 232, that the question might be raised in Supreme Court.

3. The suit was to enjoin the defendant from obstructing the orator's right of way to his land. The master found that the land with the right of way was worth $125, and $100 without. *Held,* that the value of the matter in dispute was $25.

4. Where the defendant by his pleadings and on trial makes this issue, and the fact is found in favor of the defendant, the burden is thereby cast upon the orator of showing that he began his suit in good faith. Such fact not appearing, the decree below was affirmed.

This was a bill in chancery brought against John M. Aldrich and Lucretia Aldrich, his wife, to enjoin them from obstructing a right of way of the orator across the defendants' lands. The defendants filed several answers, which the orator traversed. The case was heard at the September Term, 1887, upon pleadings and master's report before Rowell, Chancellor, who dismissed the bill *pro forma.*

The facts appear in the opinion.

*J. C. Baker,* for the orator.

The question of jurisdiction by reason of the amount involved cannot be raised upon the master's report after a full hearing upon the merits. Such objection should have been made and insisted on by plea or motion in the court below. *Washburn* v *Washburn,* 23 Vt. 576 ; *Washburn* v. *Dewey,* 17 Vt. 92 ; *Smith* v. *Rock,* 59 Vt. 232.

Coleman *v.* Aldrich.

*F. G. Swinington,* for the defendant.

The bill should be dismissed for want of jurisdiction. This is a case where the court had *no jurisdiction,* and where nothing which the parties could do or omit to do could confer it. The court should dismiss the bill *sua sponte.* Pom. Eq. Jur., s. 130.

The opinion of the court was delivered by

VEAZEY, J. The orator owned a ten acre piece of wood and pasture land of small value. To get to and from it he and his grantors had passed over the land of the defendants for many years. He claimed he had acquired a right of way by prescription. The land upon which this right of way was claimed was conveyed to the defendant, "John M. Aldrich, to have the use of said premises during his natural life, and at his decease to go to his wife Lucretia, if she is living, and at her decease to go to her heirs;" and there was a further provision that in case of the wife's decease before the husband's, then the property was to go to her heirs upon the husband's decease. John M. obstructed this way and denied any right in the orator. The latter thereupon brought this bill in equity praying for an injunction and general relief.

It appears from the master's report that the orator has used the way in question in a manner and for sufficient time to gain a right of way by prescription as against the husband, but not as against the wife, because no presumption of grant arises from adverse enjoyment against a *feme covert.* Wash. Ease. & Ser., p. 163 (*114). Moreover, her right was only in a remainder, consisting of the use for life, if she survived her husband; and on this ground, also, the use of the way during the life tenancy of the husband would not create a prescriptive right as against her. Wash., p. 164.

For these reasons the bill must fail as against the wife.

It is also claimed in this connection that the bill, failing as to the wife, cannot stand as against the husband, on the ground that unless the acts of prescription operate against all persons having estates in the premises, the party exercising them gains thereby

Coleman *v.* Aldrich.

no prescriptive right against anyone. This claim is made upon the authority of an English case, but it appears that the decision thus relied upon was under the statute, 2 & 3 Wm. 4, and the claim for that case is broader than the decision warranted.

No other case is cited and no principle of the common law is invoked that would preclude the acquiring of a right of way against the husband.

Upon the point as to whether bill can be sustained against the husband the counsel on both sides have argued the question of chancery jurisdiction.

The defendant, John M., raised the point in his answer on the ground that the matter in dispute does not exceed fifty dollars, and that no ground of equitable jurisdiction is alleged in the bill or exists in fact, and on this score he claimed that the bill should be dismissed, and craved the same advantage of his objections to the jurisdiction of the court, as though the same were presented by demurrer or plea. To this a general replication was filed. The case was then referred to a special master to find and report the facts, and the defendant made the same point in the hearing before him. When the master filed his report, the cause stood for decree on the pleadings and report. The decree was *pro forma* and without hearing. Upon this record the case comes to this court by appeal. The solicitor for the orator urges that this record is inadequate to warrant consideration of the question of jurisdiction. We think it is sufficient. The case differs from that of *Smith* v. *Rock*, 59 Vt. 232, in that here the question of jurisdiction was made in the pleadings as well as before the master, and must have been involved in the decree, unless waived, which does not appear.

Upon the question of the value of the matter in dispute the master finds the value of the ten-acre piece, with this right of way established as an appurtenant, is $125; without it, $100. This is equivalent to finding the right of way worth $25. The master makes no finding upon the point whether the orator brought his bill claiming in good faith the value of the matter in dispute above fifty dollars.

R. L., s. 696 relating to jurisdiction in chancery, reads as follows: "A suit concerning property, except a foreclosure of a mortgage, where the matter in dispute, exclusive of costs, does not exceed fifty dollars, shall not be sustained by such court but shall be dismissed with costs to the defendant."

The matter in dispute is the difference *in claim* between the parties *bona fide* made. *Washburn* v. *Washburn*, 25 Vt. 576. In that case it was said: "The claim to give jurisdiction must doubtless be *bona fide*; but we do not think the jurisdiction is lapsed because the master estimates it lower than the party." Therefore the finding of the master in the case at bar, as to the value, would not be conclusive against the orator on the question of jurisdiction. If the master had found that the orator brought suit, claiming value in good faith, above fifty dollars, it would have been conclusive in his favor.

The question, therefore, is whether, under the above statute, the burden was on the orator to establish that the value of the matter in dispute was above fifty dollars, or that he brought his bill claiming, in good faith, a value above that sum, in order to be entitled to relief in chancery by injunction.

Under the statutes defining the jurisdiction as between justice courts and the County Court, which differ materially from the above statute, this court has adopted the practice of giving every reasonable presumption in favor of the plaintiff; and if any doubt whatever exists in respect to the *forum*, which has original jurisdiction, the party ought not to be turned over to another tribunal, where the same uncertainty is to be encountered.

There is great reason for the utmost liberality in this respect. Where the question can arise, the case can be transferred into the County Court by appeal. *Joyal* v. *Barney*, 20 Vt. 154.

Acting upon this principle this court has, in several cases, sustained the assumption of jurisdiction of the County Court, where the claim in the writ and on trial was above the requisite of the statute, but the recovery was below, even though it was not stated in the record that the County Court found the fact of good faith on the part of the plaintiff in bringing his suit in that court.

In *Woodruff* v. *Lampson*, 55 Vt. 350, the holding was that where the plaintiff introduces evidence tending to support his whole claim, the same being above the amount required to give jurisdiction, the presumption is that he acted in good faith until something appears to overcome it. But that was held in a case where it appeared that the counsel acted in good faith in bringing the suit, and it was found that there was no bad faith on the part of the plaintiff.

But as between courts of law and courts of chancery the question of jurisdiction stands on different grounds, and there is but little analogy to the case of jurisdiction between two grades of courts of law. And so we find our statutes differing.

In the one above quoted there is a positive prohibitive feature, which is wanting in the statutes relating to justice courts and the County Court.

Although the rule is that in the Court of Chancery, being a superior court of jurisdiction, nothing shall be intended to be put out of its jurisdiction, which is not shown to be so; and therefore it is requisite in a plea to the jurisdiction both to allege that the court has not jurisdiction and to show by what means it was deprived of it, (Daniel on Ch. Plead. and Prac. p. 337,) yet it seems quite plain that the force of the statute is, where the issue of jurisdiction is made on the ground specified in the statute, and the fact is shown that the value of the matter in dispute is insufficient, to require the orator to show that he believed it was sufficient and so acted in good faith in bringing suit.

Otherwise the defendant would be put to the proof of not only a negative, but a negative involving mental operation and conscience.

This report, as we think, does not state facts from which the inference of good faith as to value can fairly be made. So that there is no ground of presumption except the fact that the orator sought this remedy. The Court of Chancery dismissed the bill, when there was, so far as we can see, no other ground for dismissing it except for want of jurisdiction, and although the

Coleman *v.* Aldrich.

decree was *pro forma*, it excludes all opportunity for this court to presume that the Chancellor assumed jurisdiction, or found any facts or made any inferences essential to sustain jurisdiction.

But the solicitor for the orator further claims that the suit is concerning a right appurtenant to the ten-acre piece, and effects the enjoyment of it as a whole, and that the value of it all is to be taken into account on the question of jurisdiction.

The claim that the way is appurtenant is probably sound, Wash. on Ease. & Ser., 3d Ed., p. 232, but we fail to see that the conclusion of the solicitor necessarily follows. The two things are entirely distinct in their respective values to the orator. This cause involves only the right of way. That is the only "matter in dispute," quoting from the statute, and that being less than fifty dollars, the statute is absolute in its prohibition.

If the suit was brought for an injunction against the alleged trespasses of the defendant on the orator's right under a claimed right, it might merit a different consideration if the defendant should undertake to oust equity jurisdiction under a claim that he only intended to trespass five dollars worth, the orator's land being worth more than fifty dollars. The court might well say: —You are found to be a trespasser on land worth enough to give equity jurisdiction, and you cannot be allowed to say you only intended and claimed a small trespass.

*The pro forma decree that the bill be dismissed with costs to the defendants is affirmed, and cause remanded.*