RUFUS E. HILLIARD *v.* THE BURLINGTON SHOE CO., ET AL.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed November 18, 1903.

*Judgment—Effect—Assignment—Validity—Interest of As-
signee—Preference—Deed of Corporation.*

A judgment in favor of a garnishee, in a suit in which the defendant
is not served with notice and does not appear, is not binding upon
such defendant; hence it does not estop the plaintiff therein from
controverting, in a subsequent suit against such defendant, facts
therein litigated.

An assignee is not so interested in the provisions of an assignment
as to invalidate it against creditors, simply because as attorney
he had caused attachments to be placed upon the property, sub-
ject to which the assignment is made.

A statutory assignment is not invalid on the ground of a preference
when the real estate is conveyed subject to attachments.

Such an assignment is valid unless impeached in bankruptcy within
four months from its execution.

It is not essential to the validity of the deed of a corporation that it
show on its face the authority for its execution.

APPEAL IN CHANCERY. Heard on pleadings, master's
report, and exceptions thereto, at the September Term, 1902,
Chittenden County, *Tyler,* Chancellor. Decree for the de-
fendants. The orators appealed.

*Edward H. Deavitt* for the orator.

The assignee, being the attorney of the attaching cred-
itors, was interested in the assignment and it is not valid
against creditors. V. S. 2171. The assignment created a
preference in favor of the attaching creditors, and is therefore
void under the same section of the statute. See *Fair* v.
*Brackett,* 30 Vt. 346; *Bank* v. *Strong,* 42 Vt. 295.

The assignment is void under the Bankruptcy Act of 1898. *Insurance Co.* v. *Insurance Co.*, 14 N. B. R. 316; *Barnes* v. *Ritten*, 8 Phila. 141; *In re Smith*, 3 N. B. R. 18; *In re Railroad Co.*, 10 N. B. R. 178; *Platt* v. *Preston*, 10 N. B. R. 241; Burrill Assigns. §§ 27-30.

The deed of the corporation, which in the granting part thereof does not show that any person is authorized to execute it, is of no force to convey title to the assignee. *Dietrich* v. *Hutchinson*, 73 Vt. 134; *McDaniels* v. *Manufacturing Co.*, 22 Vt. 274; *Isham* v. *Iron Co.*, 19 Vt. 230.

When an assignment is void, a creditor who has obtained a lien may have it perfected in equity. *Bank* v. *Strong*, 42 Vt. 295; *Kimball* v. *Evans*, 58 Vt. 655.

The orator is not estopped. *Bank* v. *Peabody*, 55 Vt. 492; 1 Herman Estop., §§ 258, 259.

*Powell & Powell* and *W. L. Burnap* for the defendants.

ROWELL, C. J.   The validity of a statutory assignment by The Burlington Shoe Co. for the benefit of its creditors, is here called in question.   The defendants say that the orator is estopped from denying its validity, because of a judgment against him in Philadelphia, where he brought a garnishment suit on the same day, but after the assignment papers were filed in the clerk's office of Chittenden County, to collect his debt out of a claim of The Burlington Co. or of The Champlain Shoe Co., the *alter ego* of the Burlington Co., as it was formed for the purpose of enabling the Burlington Co. to do indirectly what it had contracted not to do at all.

Neither of said companies was served with process in said suit, and neither appeared therein.   The Court submitted two questions to the jury; (1) whether the garnishee was indebted to the Burlington Co. or to the Champlain Co. as

another separate and distinct corporation, and (2) whether this assignment was perfected by filing all the papers in Vermont before service of the garnishment papers in Philadelphia. The jury returned a general verdict for the garnishee without special findings, and judgment was rendered thereon,. which was affirmed in the Supreme Court. But as that judgment does not bind said companies nor either of them,—. *National Bank of St. Johnsbury* v. *Peabody & Co.*, 55 Vt. 492,—it does not estop the orator from denying the validity of the assignment, for estoppels must be mutual.

The orator claims that the assignee was so interested in the provisions of the assignment as to invalidate it against the creditors of the assignor. The assignee was at the time in question, and now is, a lawyer, and as such had in his hands for collection certain claims against the assignor, and a few days before the assignment was made, caused suits to be brought thereon, and the real estate in question to be attached as the property of the assignor, and had control of the suits until they were settled by payment of the claims in full before judgment, out of money raised for that and other purposes on the joint note of several persons who were stockholders and directors of the assignor company.

The assignee's relation to those suits as attorney gave him no lien for his fees on the land attached—22 Vt. 598— but at most, only an inchoate lien on the judgments when recovered, and possibly on the causes of action before judgment. But this was no interest in the provisions of the assignment, within the meaning of the statute.

The claim cannot be sustained that here was an invalidating preference because the assignment purports to be for the benefit of all the creditors of the assignor in proportion to their respective claims, whereas the assignor's real estate was conveyed to the assignee subject to said attachments. Those

attachments were prior liens on the land, not created by the assignor, but by the law, and the attaching creditors never assented to the assignment by coming in under it nor otherwise, but stood upon their attachments, which were hostile to the assignment, until they were paid in full.

It is claimed that the Bankruptcy Act of 1898 suspends the operation of our assignment act, as that act is in the nature of an insolvency law. But such is not the case. It was not so under the Bankruptcy Act of 1867, but such assignments were good notwithstanding that Act, if not impeached by proceedings in bankruptcy within four months from their execution. *Mayer* v. *Hellman,* 91 U. S. 496. The same is true under the present Bankruptcy Act, although it expressly provides that such an assignment is an act of bankruptcy. *Randolph* v. *Scruggs,* 190 U. S. 533.

It is objected to the validity of said deed that the granting part does not show that any person was authorized by the corporation to execute it. But that is not necessary. *McDaniels* v. *Flower Brook Manufacturing Co.,* 22 Vt. 274.

It is further objected that the deed does not show that there was any vote of the directors to execute it, and that it nowhere appears that Wm. W. Walker was authorized to make the conveyance as agent; that the acknowledgment that Walker acknowledged the deed to be his free act and deed and the free act and deed of the corporation, does not disclose any authority in Walker to execute the deed for the corporation, and that the signature, "Burlington Shoe Company, by Wm. W. Walker, Pres., duly authorized by the Board of Directors," is not a statement that Walker was authorized, and cannot cure the lack of statement in the granting part of the deed. This objection is to the same effect as the other, namely, that the deed must in the granting part, or at all events somewhere on its face, show the authority

for its execution.   But this, as we have in substance said, is not necessary.   No other objection is made to the deed for lack of authority to execute it, nor to the manner of its execution, and therefore no other is considered.

*Decree affirmed and cause remanded.*