WALLACE *v.* KELLY.

1. EVIDENCE — PAROL EVIDENCE — WRITTEN CONTRACT — VARYING.
   Testimony respecting oral conversations had before the execution of a written contract is inadmissible to vary its terms.

2. EQUITY—FORFEITURES—ENFORCEMENT.
   Where the purchaser of standing timber has been given extended time to remove it, his assignee will not be enjoined from cutting on the ground that the time for removal has expired, since equity will not aid to enforce a forfeiture.

3. VENDOR AND PURCHASER—STANDING TIMBER—TIME TO REMOVE —FORFEITURE—WAIVER—SUFFICIENCY—STATUTE OF FRAUDS.
   Though standing timber, being part of the land, can be sold only by a writing signed by the owner (section 9509, 3 Comp. Laws), the right to forfeit timber thus sold, for failure to remove it within the time prescribed by the contract, may be waived by parol.

4. SAME—EXTENSION OF TIME—OPERATION AS WAIVER.
   An extension of the time to remove standing timber provided by the contract of sale, in consideration of the payment of the taxes on the timber, operates as a waiver of the right to forfeit the timber for nonremoval.

Appeal from Missaukee; Chittenden, J. Submitted October 18, 1906. (Docket No. 100.) Decided May 18, 1907.

Bill by William Wallace against Darwin B. Kelly to restrain the removal of certain timber. Defendant filed an answer in the nature of a cross-bill to quiet title to said timber. From a decree dismissing the bill, and granting the prayer of the cross-bill, complainant appeals. Affirmed.

*E. F. Sawyer*, for complainant.

*F. O. Gaffney*, for defendant.

CARPENTER, J. December 20, 1899, complainant en-

tered into a written contract whereby, for the consideration of $750 then paid, he sold "to the Cromwell Lumber Company the maple timber  *  *  *  that will make logs down to eleven inches in diameter" then standing on certain described lands. It was further agreed that "all timber unsuitable for merchantable saw logs  *  *  * [should] be left," and "the Cromwell Lumber Company  *  *  *  [was] given till the spring of 1902 to remove said timber." Before that time expired complainant and said Cromwell Lumber Company orally agreed that the latter might have further time to remove said timber if it would pay the taxes thereon. In compliance with this agreement, the timber was left standing and said Cromwell Lumber Company paid said taxes during the years 1902, 1903, and 1904. In 1904 the Cromwell Lumber Company sold its interest in said standing timber to defendant, and he soon thereafter commenced cutting and removing the same. In September, 1905, complainant notified defendant to remove no more timber from said lands, and shortly thereafter he commenced this suit, seeking an injunction preventing said defendant from cutting or removing said timber. Defendant filed an answer in the nature of a cross-bill, praying for an affirmative relief. Upon the hearing testimony was taken in open court and a decree was rendered dismissing complainant's bill and giving defendant "the right to enter upon said lands and cut and remove the timber within a reasonable time." From this decree, complainant appeals.

That part of the decree dismissing complainant's bill is clearly correct, for complainant did not make a case entitling him to relief. He did not make a case, as he contends, upon the ground that he was fraudulently induced to enter into the contract of sale, because his testimony fails to prove fraud. He did not make a case upon the ground alleged in his bill, that defendant was threatening to remove timber *not embraced* in the contract, for the testimony proves that there was no such threat nor intent. Nor was he entitled to relief, as he contends, up-

on the ground that defendant was removing more timber than was specified in a verbal conversation before the written contract was made, for the testimony respecting that oral conversation was incompetent, and affords no basis whatever for relief. He was not entitled to relief upon the ground that the time to remove the timber had expired. The principle that equity will not aid to enforce forfeitures forbids. *Hodges* v. *Buell*, 134 Mich. 162.

The serious question in the case arises from the relief granted defendant on his cross-bill. Did the oral agreement to extend the time for removing this timber operate as a waiver of complainant's right to forfeit the same? Complainant insists that it did not. He insists that, as standing timber is a part of the land and cannot be sold except by a writing signed by the owner (section 9509, 3 Comp. Laws), the right to forfeit said timber can be waived only by a writing signed by the owner. It is undoubtedly true that one can sell standing timber only by a conveyance in writing (*Russell* v. *Myers*, 32 Mich. 522), but I think it also true that his right to forfeit the same for nonremoval may be legally waived by parol. This latter rule is, I think, to be deduced from *Green* v. *Bennett*, 23 Mich. 464. There this court held that the condition that the vendee of standing wood and timber should remove them within a stated time—

"Was one which the vendor might waive; and, by claiming and receiving from the purchaser the damages for the failure to remove them in time, he clearly waived the condition, and left the wood and timber as the property of the purchaser, to be removed within a reasonable time."

See, also, opinion of Chief Justice CAMPBELL in *Williams* v. *Flood*, 63 Mich. 487.

I think, therefore, that complainant waived the right to forfeit the timber for nonremoval, and that the decree complained of was properly made. That decree is affirmed.

MCALVAY, C. J., and GRANT, BLAIR, and MOORE, JJ., concurred.