DEERFIELD LUMBER COMPANY AND NEW ENGLAND HARDWOOD COMPANY *v.* MYRON E. LYMAN.

May Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed June 28, 1915.

*Equity—Jurisdiction—Right to Raise—Waiver of Objection— Retention of Jurisdiction—Corporations—Conveyances— Necessity of Expressing Authority of Agent—Timber Deed —Construction—Record—Constructive Notice—Forfeitures Equitable Relief—Rights of Timber Grantees—Removal of Timber—Reasonable Time—Abandonment—Evidence—Payment of Taxes—Review—Presumptions—Reversal.*

The jurisdiction of the court of chancery may be first challenged on appeal.

Where the court of chancery has general jurisdiction of the subject-matter of the suit, failure to challenge its jurisdiction before trial on the merits will be treated as a waiver of objections to the jurisdiction based on facts apparent on the face of the bill; but if the case as finally made discloses want of such jurisdiction, failure to plead to the bill or to demur thereto does not amount to a waiver, for jurisdiction of the subject-matter cannot be conferred by waiver nor by consent of the parties, nor is the mere allegation of jurisdictional facts sufficient, and if the court discovers that it is without jurisdiction of the subject-matter, it will, at any stage of the proceedings, dismiss the cause of its own motion.

It is only when some special and substantial ground of equitable juris-
diction is *proved* that a court of equity, for the purpose of doing
complete justice between the parties, may take jurisdiction of
the whole controversy between them and, in addition to the
warranted equitable relief, afford relief of a quality that ordinarily
is obtainable only in a suit at law.

A conveyance by a corporation need not recite the authority of the
agent appointed to execute the deed.

A conveyance of growing trees, executed with the formalities required
for a conveyance of real estate, is entitled to record, and the proper
record thereof is constructive notice to the world of the grantee's
rights.

A court of equity will never enforce a forfeiture, not even where the
case is such that no equitable relief would be given to the default-
ing party against the forfeiture.

Where a deed to defendant of designated growing trees recites no
right to enter the land to remove the timber, prescribes no time
within which the timber should be removed, was duly recorded in
1898, and shortly thereafter defendant removed most of the acces-
sible timber, and in 1906 the grantor, by warranty deed duly
executed and recorded, containing no reservations nor any refer-
ence to defendant's deed, conveyed the fee of the land to the
orator, and in August, 1912, which is found to be an unreasonable
time wherein to remove the timber after the execution of his
deed, defendant entered and cut the remaining timber, a bill by
orator praying for an injunction restraining defendant from so
doing, for the determination of the rights of the parties to the
timber, for damages, and for general relief, is not one to enforce a
forfeiture, and is cognizable in equity. *Taylor*, J., dissenting.

Where no time is fixed by a timber deed for the removal of the
granted standing timber, the grantee is entitled to only a reason-
able time for removal, and his right of entry is lost at the end of
that time, although he still has the title to any of the remaining
granted timber.

A decree in chancery will not be sustained on appeal on the presump-
tion that it was based on a ground that manifestly was neither ad-
vanced below nor considered by the chancellor.

On appeal by defendant from a decree for the orators in a suit in equity
to enjoin the cutting of timber, where the facts found do not sus-
tain the decree, but there are findings that indicate that defendant
may have abandoned, or surrendered to the owner of the soil, the

timber in question, the case is remanded for additional findings and a further hearing, if that is necessary to a proper determination of the equitable rights of the parties.

Payment of taxes is not direct evidence of ownership, but only evidence of a claim of right, and so, in a suit in equity to enjoin the cutting of timber, if it had been claimed on the trial that defendant had abandoned his claim to the timber in question, he would have been entitled to show that he had paid taxes thereon.

What is a reasonable time for the removal of standing timber sold to be removed, where no time of removal is fixed, is a question of mixed law and fact, to be determined from the condition of the land and of the timber, the amount to be removed, the obstacles and facilities, and the conditions surrounding the parties at the time the deed was made.

Where a deed to defendant of designated growing trees prescribed no time of removal, and he removed most of the accessible timber shortly after the conveyance and then waited for more than 12 years before attempting to remove the remainder, in a suit in equity to restrain him from cutting that remainder error does not appear in the exclusion of a letter written to defendant by the common grantor of the parties during the progress of defendant's original lumber operations and in answer to defendant's inquiry as to the grantor's understanding concerning the time within which the timber should be removed, offered on the question of reasonable time, and reciting that the limit of time for clearing timber lands was somewhat troublesome, and that defendant might take advantage of all the surrounding timber obtainable at profitable prices, filling in between times with the timber granted; where it does not appear that defendant's delay in removal was affected by the letter.

APPEAL IN CHANCERY, Windham County. Heard at Chambers, August 20, 1913, on the pleadings and findings of fact by the chancellor, *Fish*, Chancellor. Decree for the orators. The defendant appealed.

The bill has a prayer for general relief. The deed of the New England Hardwood Company is from the Deerfield Lumber Company. The cutting complained of was done by defendant in August, 1912. The opinion sufficiently states the other facts in the case.

*Hermon E. Eddy* for the orators.

Defendant by abandoning the premises for so many years after he first cut and removed all the accessible timber lost his right to reenter and cut the remaining timber. *Patterson et al.* v. *Graham et al.*, 164 Pa. St. 234, 30 Atl. 247; *Liston et al.* v. *Chapman etc. Co.*, 108 Tenn. 681, 69 S. W. 320; *Hill* v. *Hill*, 113 Mass. 103; *Gay Mfg. Co.* v. *Hobbs*, 128 No. Car. 46, 38 S. E. 26; *Beauchamp* v. *Williams*, (Tex.) 115 S. W. 130; *Evans* v. *Dobbs*, (Ky.) 112 S. W. 66; *Howe* v. *Batchelder*, 49 N. H. 204; *Hill* v. *Cutting*, 107; *Gilmore* v. *Wilbur*, 12 Pick. 120.

*Chase & Chase* for the defendant.

TAYLOR, J.   This suit grows out of a controversy over certain timber on a tract of land in Dover known as the "Wait" lot. The Deerfield Lumber Co. owns the land and The New England Hardwood Co. claims title to certain of the timber growing thereon.   The bill charges that the defendant, without right or title in the premises, had entered upon the land and had cut and removed therefrom a large quantity of hard and soft wood timber, the property of the orators, and purposes to cut and remove all the hard and soft wood timber standing upon the premises.   It is further alleged that the timber was small and not of marketable size; that the damage done and threatened is greatly in excess of the market value of the timber; that the orators are holding the timber as an investment and desire to have it remain standing in order that they may get the benefit of the growth thereof; that the defendant is conducting the lumbering operations in a wasteful, careless and unworkmanlike manner, by reason of which great and irreparable damage has been done and is threatened to the small growth upon the premises so that reforestation thereof will be greatly retarded; and that, if the defendant is permitted to continue, the orators will be deprived of profitable investments by reason of the timber being removed before it has attained its growth and by reason of the reforestation of the land being retarded.   The orators prayed for an injunction and for the determination of the rights of the parties in the timber and for damages.   In his answer the defendant admits that he had entered upon the land in question and had cut and removed therefrom certain timber.   He denies that the timber in

question belongs to the orators and asserts that he has title thereto by deed from a former owner of the land. He admits that he intends to continue cutting and removing the timber until all of the timber he owns upon the lot is removed, but denies that he intends to remove any timber owned by the orators. He denies that he has conducted his lumbering operations in a wasteful, careless and unworkmanlike manner, that irreparable damage has been or is being done to the small growth, or that reforestation of the premises has been greatly retarded. He avers that in doing what he has done on the premises he has acted strictly within his legal rights under his deed.

The case was tried by the chancellor who found the following facts:

"In this case the orators claim to recover for 268,349 ft. of hardwood and 190,763 ft. of softwood cut on the lot known as the 'Wait' lot in the town of Dover by the defendant, Myron E. Lyman, in August, 1912. The orators claim to recover damages on account of the cutting having been done in a wasteful, careless and unworkmanlike manner in the cutting of small timber growth on said premises. The defendant justifies under a deed marked 'Defendant's Exhibit A, etc.', which is attached hereto. The orators trace their title to the defendant's grantor in said deed, the same being evidenced by warranty deeds with no reservation or reference to the defendant's deed. Nor does it appear that the orators had any actual notice of the defendant's deed or his interest in the premises. The defendant's deed was recorded November 28, 1898, in the town clerk's office in Dover. The deed of the orator, The Deerfield Lumber Company, was dated January 30, 1906, and recorded in the town clerk's office in the town of Dover on March 23, 1906. The deed of the New England Hardwood Company was dated April 1, 1912, and recorded in said office on April 6, 1912, in book 13 pages 1 to 4. The latter deed conveys to said orator 'All the hardwood timber standing, located and being and which shall hereafter prior to October 31, 1937, stand by and being upon the following pieces or parcels of land situated in the town of Dover.'

Within two years of the date of defendant's deed, or shortly thereafter, he cut off from the premises about 800,000 ft. of timber, having at that time moved a mill onto the premises for the purpose, which mill he moved away after the cutting had been finished at that time. In the northeast corner of said tract there

was left standing about 25 acres of timber which was not readily accessible at that time. None of the beech standing on the premises was cut and there were runs where the timber was left, which could not be easily approached and cut over, and at one side of the lot there was a second growth of timber made up largely of spruce which was not cut. These parts of the lot were left at the time of the original cutting manifestly because it was not then profitable to cut them. The bill is brought on account of the cutting of this standing timber on the lot, including the timber then left and which has since then grown.

After the mill was moved away the defendant did not go upon the premises or do any cutting thereon until the cutting complained of in the bill was done. Nor did the defendant during the time from the removing of the mill, or shortly thereafter, exercise any rights of ownership over the premises. Nor did it appear that either of the orators knew that the defendant had or claimed any interest in the premises at the time their several deeds were taken. Nor did they have any notice of any rights of the defendant in the premises except such as may have been furnished by reason of the record of the defendant's said deed in the town clerk's office in the town of Dover.

Treating the deed as recorded as notice to the orators, under the circumstances of the case, the chancellor finds that the time taken by the defendant for removing the standing timber was unreasonable, and finds for the orators to recover of the defendant for the softwood timber $763.05 and for the hardwood timber $865.04, making in all the sum of $1,627.09, and costs. The chancellor fails to find any other damage on account of the cutting.''

The defendant's deed of the standing timber was in form a warranty deed with the usual covenants of title, seisin and warranty. The premises were described as ''certain property in Dover in the county of Windham and State of Vermont described as follows: It being all the standing timber, both hard and soft wood, now upon a certain piece of land in Dover (here follows a description of the land in question) to have and to hold said granted timber with all the privileges and appurtenances thereof to the said Myron E. Lyman, his heirs and assigns, to their own use and behoof forever.'' The deed purports to be the deed of the Wilmington Grain and Lumber Company, a corporation, and is signed ''Wilmington Grain and Lumber Co.

by John C. Newton, Treas." It has two witnesses, two seals and is acknowledged by John C. Newton, Treasurer of the Wilmington Grain and Lumber Company. The deed specifies no right to enter the land to remove the timber and contains no provision as to the time within which the timber is to be removed.

The orators had a decree confirming their respective titles to the land and the timber in controversy and for damages, from which the defendant appealed. After decree the defendant moved to dismiss for lack of equity on the ground, as stated in the motion, "that the bill, answer, replication, findings of fact and decree thereon do not disclose a cause of action over which a court of equity has jurisdiction; but do show that the supposed cause of action is for alleged acts of trespass for which the orators have a plain, complete and adequate remedy at law." The orators contend that the motion is in its nature dilatory and amounts to a plea in abatement or a demurrer and consequently should have been filed within the time limited for filing such a plea or a demurrer. With this exception the motion is treated as seasonably made.

The motion challenges the jurisdiction of the court of chancery, a question that may be raised for the first time in this Court. *Coleman* v. *Aldrich,* 61 Vt. 340, 17 Atl. 848; *Kelley* v. *Moretown,* 71 Vt. 340, 45 Atl. 224. Whether the motion should be sustained or overruled depends upon the question whether the court of chancery has general jurisdiction of the subject-matter of the suit. If the case is one falling within the general jurisdiction of a court of chancery, failure to raise the question before trial upon the merits will be treated as a waiver of an objection based upon facts apparent upon the face of the bill. *Murphy* v. *Lincoln,* 63 Vt. 278, 22 Atl. 418; *Holt* v. *Daniels,* 61 Vt. 89, 94, 17 Atl. 786; 1 Dan. Ch. Pr. 579.

But if the case as finally made up discloses want of jurisdiction, the failure to plead or demur to the bill does not amount to a waiver of the right to raise the question; for jurisdiction cannot be conferred by waiver nor by consent of the parties. *Gidden* v. *Elkins,* 2 Tyler 218.

It is only when the court has jurisdiction of the subject-matter in fact, while on the facts alleged it is apparent that it does not, that the question is a dilatory one and so waived if not raised before trial. It was held by the Court in *Holt* v. *Daniels,*

*supra,* that in equity as in law, if the court discovers that it is without jurisdiction, it will, at any stage of the proceedings, dismiss the cause of its own motion though no objection be raised.

The orators insist that if the court of chancery did not have jurisdiction, it would retain the case after hearing rather than put the parties to the expense of a new trial, the question having been raised at this stage of the proceedings. While it is desirable to expedite legal proceedings and avoid unnecessary expense, to adopt such a practice would do violence to well recognized rules of equity jurisprudence and make it possible to deprive a party of his right to a trial by jury merely by alleging facts that could not be proved calculated to give equity jurisdiction on the face of the bill. In this connection it should be remembered that it is not enough to allege jurisdictional facts; they must also be proved. The lack of jurisdiction may not appear until the facts that would give it are disposed of. The orators misconstrue the cases in which it is said that where a party is obliged to resort to chancery for one purpose his case will be retained until the whole matter is disposed of. This rule applies with the qualification, usually stated, "where the jurisdiction of chancery has been rightfully invoked for that purpose." The rule is given as follows in *Toledo &c. R. Co.* v. *St. Louis &c. R. Co.,* 208 Ill. 623, 70 N. E. 715: "While it is true that a court of equity which has jurisdiction of a cause by reason of the existence of some ground of equitable jurisdiction, for the purpose of doing complete justice between the parties may, in addition to the equitable relief, afford relief of a character which, in the first instance, is only obtainable in a suit at law; still to authorize relief of the latter character some special and substantial ground of equitable jurisdiction must be alleged in the bill and proved upon the hearing. Mere statements in a bill upon which the chancery jurisdiction might be maintained, but which are not proved, will not authorize a decree upon such facts of the bill as, if standing alone, would not give the court jurisdiction."

Is the case as made up in the pleadings and the chancellor's findings cognizable by a court of chancery? The defendant in 1898 purchased all of the hard and soft wood timber standing upon the lot in question. He received a deed thereof which the

orators claim was defective in that the authority of the treasurer to execute the deed on behalf of the corporation is not recited in the deed. The contention of the orators is that the record of this deed was not notice to them of the defendant's claim to the timber; that it is not sufficient to pass title to the timber left standing upon the lot when the Wilmington Grain and Lumber Company parted with title to the land; and that the title to such timber passed to them under their deeds (a) because the defendant never had title to the timber not actually severed and (b) because, if he acquired title by his deed, it reverted to the holder of the title to the soil after the expiration of a reasonable time within which to remove it.

With reference to the claim that defendant's deed is defective in that authority of the person purporting to act for the corporation is not recited in the deed, it is not necessary to the validity of a deed by a corporation that the authority of the agent appointed to execute the conveyance be recited in the deed. *Hilliard* v. *Burlington Shoe Co.*, 76 Vt. 57, 56 Atl. 283. The defendant's deed was executed in the name of the Wilmington Grain and Lumber Co. by John C. Newton, its treasurer purporting to act as its agent for that purpose. It does not appear that any question was made as to the power having in fact been conferred. The defendant's deed was entitled to record and its record was constructive notice to the orators of the defendant's rights in the timber; and their rights in the premises acquired subsequently are subject to the rights of the defendant under his deed of the timber. The chancellor did not err in treating the record of the deed as notice to the orators.

The chancellor has found that the time taken by the defendant for removing the timber was unreasonable. The decree confirming title to the timber in controversy in the orators and awarding damage for its removal rests upon the theory advanced by the orators that the defendant's title was defeasible and that on his failure to remove the timber within a reasonable time the part remaining reverted to the owner of the soil. If the relief sought rests upon the claim that such failure worked a forfeiture of so much of the timber as was left standing at the expiration of the time within which the defendant had a right to cut and remove it, the motion to dismiss for want of jurisdiction should be sustained. It is a well settled and familiar doctrine that a

14

court of equity will not interfere on behalf of a party entitled thereto and enforce a forfeiture, but will leave him to his legal remedies, if any, even though the case might be one in which no equitable relief would be given to the defaulting party against the forfeiture. 1 Pom. Eq. Jur. §459; *Vermont Copper Mining Co.* v. *Ormsby,* 47 Vt. 709; *Wallace* v. *Kelley,* 148 Mich. 336, 111 N. W. 1049, 118 Am. St. Rep. 580; *Hodges* v. *Buell,* 134 Mich. 162, 95 N. W. 1078; *Worthington* v. *Moon,* 53 N. J. Eq. 46, 30 Atl. 251. A majority of the Court hold that the bill does not seek to enforce a forfeiture and that the case as made up in the pleadings and chancellor's findings is cognizable by a court of chancery. The writer does not concur in this view, but would sustain the motion to dismiss on the ground that the case made by the orators is predicated upon a forfeiture and so not within the general jurisdiction of the court of chancery.

It remains to consider whether the decree is supported by the chancellor's findings. By his deed the defendant acquired title to all the standing timber, both hard and soft wood upon the land in question at the time the deed was given. This included such trees only as were at that time of a suitable size for lumber. *Hicks* v. *Phillips,* 146 Ky. 305, 142 S. W. 394, 47 L. R. A. (N. S.) 878; *Broad River Lumber Co.* v. *Middleby,* 194 Fed. 817, 114 C. C. A. 521; *Kaul* v. *Weed,* 203 Pa. St. 586, 53 Atl. 489. See also *Donworth* v. *Sawyer,* 94 Me. 243, 47 Atl. 521. It is clear that the timber was not to remain upon the land for an indefinite time. There being no stipulation in the deed for the use of the soil to grow the timber, it must be regarded as the intention of the parties that the trees were to be cut and removed without unnecessary delay. There being no time specified within which the timber was to be removed, the defendant had a reasonable time, in view of the surrounding circumstances, to enter the land for that purpose. While the deed gave the defendant no beneficial use of the soil to grow his timber he took the incidental benefit to be derived from the circumstance that the timber could remain standing upon the land for a reasonable time. The deed worked in law a severance of the timber from the freehold and converted it into personal property. *Fairbanks* v. *Stowe,* 83 Vt. 155, 74 Atl. 1006, 138 Am. St. Rep. 1074; *Sterling* v. *Baldwin,* 42 Vt. 306.

At the expiration of a reasonable time for removing his property the right to enter for that purpose was gone; but the defendant was not thereby divested of title to such of the timber as he suffered to remain upon the land. *DeGoosh* v. *Baldwin & Russ,* 85 Vt. 312, 82 Atl. 182. By his failure to remove such timber the defendant breached the implied covenant for its removal and thereby subjected himself to such damages as the owner of the land should suffer in consequence thereof. *Hoit* v. *Stratton Mills,* 54 N. H. 109, 20 Am. Rep. 119. His subsequent entry to take the timber was, in law, a trespass, in the absence of a new license, express or implied, to enter for that purpose. Though still the owner of the timber, it was wrongfully on the land of another; and so the defendant was without right to enter to possess himself of it. If the defendant has not lost his rights in some of the ways later referred to, he still has title to the timber in question, although no longer complete. It is now subject to certain rights of the orators. The right to enter to remove the timber is denied him because the situation was created by his own wrong. *Pierce* v. *Finerty,* 76 N. H. 38, 76 Atl. 194, 79 Atl. 23, 29 L. R. A. (N. S.) 547.

As intimated above, the case seems to have been tried upon the theory that the defendant took a defeasible estate in the timber and that, after the expiration of a reasonable time in which to remove it, such of it as was left standing reverted to the owner of the soil. Such was the orators' claim and such appears to have been the view taken by the chancellor. To sustain this view would be to overrule *DeGoosh* v. *Baldwin & Russ, supra.* The defendant claimed that his deed gave him absolute title to the timber with the right to remove it at his pleasure. This position, so far as the right of removal is concerned, is likewise untenable. The chancellor treated the record of defendant's deed as constructive notice to the orators, thus overruling the orators' claim that the deed was defective to pass title to the defendant. He predicates the decree confirming the title to the timber in the orators, on the finding that the time taken by the defendant for removing the timber was unreasonable. It follows that the findings are not sufficient to support the decree. To prevail on the bill as framed the orators must establish title to the timber or show a state of facts that would estop the defendant from asserting title.

The orators argue here that the defendant abandoned the timber left standing when he finished his original lumbering operations and so divested himself of title thereto. This claim was not advanced on the trial and it is evident that it was not the basis of the decree. We will not presume that the chancellor found that the defendant had abandoned the timber left standing, or surrendered it to the orators' grantor, when it is clear that no such question was considered by the chancellor. To do so would be carrying presumptions in aid of decrees altogether too far. Moreover, there are no findings warranting the inference that the defendant was estopped by his conduct from asserting title to the timber.

As there are facts found by the chancellor which indicate that the defendant may have abandoned, or surrendered to the owner of the soil, the timber left standing when he first ceased cutting, which is a fact to be determined by the trier, we think the case should go back for additional findings and a further hearing if necessary to a proper determination of the equitable rights of the parties. A helpful discussion of the relative rights of the parties where standing timber is sold and not removed within the time limited will be found in *Pierce* v. *Finerty, supra.*

Two exceptions reserved by the defendant present questions that may arise on a retrial: The defendant offered to show that he had paid the taxes on the timber in question as tending to show ownership, and excepted to the exclusion of the offer. As the issues were made up at the trial the offer was properly excluded. Payment of taxes is merely evidence of a claim of right. *Paine et al.* v. *Hutchins,* 49 Vt. 314, 317. If the claim of abandonment had been raised at the trial, the evidence would have been admissible on that issue.

The defendant offered a letter of the Wilmington Grain and Lumber Co. under date of June 19, 1899, apparently written in answer to his inquiry as to the Company's understanding concerning the time within which the timber should be removed. The portions of the letter claimed to be material are as follows: "Our experience has been that the limit of time for clearing timber lands is somewhat troublesome, unless a good many years off; therefore we inserted no limit in the date. Shall be very glad indeed to have you take advantage of all the surrounding timber that will come to you at prices that will afford you a

profit and you can use the timber you own to fill in between times and gather in from the surrounding territory such as is offered you.'' The letter was offered on the question of reasonable time and excluded as immaterial.

The question of reasonable time for removing standing timber sold to be removed, when no time for removal is fixed, is generally a mixed question of law and fact, and is to be determined from the condition of the land and timber, the amount to be removed, the obstacles opposing and the facilities favoring, and the conditions surrounding the parties at the time the deed was made. *Fletcher* v. *Lyon,* (Ark.) 123 S. W. 801.    This letter was written while the defendant's original lumbering operations were going on.    Unless it was made to appear that the defendant's delay in removing the timber was affected by the letter, it would be immaterial upon the question of reasonable time.    We must presume in aid of the ruling that there was no evidence, nor offer to show, that the letter influenced the defendant's conduct.    Error in excluding the letter is not made to appear.

The questions raised by the defendant's exceptions to the findings of the chancellor and to his failure to find as requested are not considered as they are not likely to arise on a retrial.

*Reversed and remanded to be proceeded with in accordance with the views herein expressed.*